[No. 2,996.]

## WILLIAM CAMPBELL *v.* WEST & MATHIS.

LIMITATION OF ACTION AS TO DITCHES.—If the owners of a ditch constructed for conveying water, use the same peaceably, openly, and exclusively, under a claim of right, with the knowledge of the owners of the land, for a continuous period of five years, they acquire, by prescription, the right to an easement over the land for the same.

APPEAL from the District Court of the Second Judicial District, County of Butte.

The ditch about which this controversy was had lies in Butte County, and takes the water of Butte Creek, near Neal's sawmill, and extends down the banks of Butte Creek and over the divide between little Butte Creek and Dry Creek to Dry Creek; thence along Dry Creek, over the mountain, to St. Clair Flat, and thence along the foot of Table Mountain to Thompson's Flat. It was excavated over public lands, and crossed the northeast quarter of the southwest quarter and the north half of the southeast quarter and the southeast quarter of the southeast quarter of section twenty-three, and the northwest quarter of the northwest quarter of section twenty-five, township twenty north, range three east, Mount Diablo base and meridian. These were the lands the plaintiff purchased from the United States. It was excavated and the water of the creek appropriated in accordance with the local customs and the decisions of the Courts of this State, and the water was used for mining purposes. It cost, when excavated, twenty thousand dollars.

The defendants recovered judgment in the Court below. The plaintiff appealed.

The other facts are stated in the opinion.

*Burt & Sexton,* for Appellant, argued that while the land was public the ditch owners were tenants at will of the United States, and became so of the plaintiff at his pur-

chase, and that the possession of defendants could not ripen into a title, under the Statute of Limitations, without their giving notice that they were going to hold adversely, and cited *Rick* v. *Smith,* 9 Wheat. 241, p. 288; *Ricard* v. *Williams,* 7 Wheat. p. 105; *Brandt* v. *Ogden,* 1 John. 156; *Medford* v. *Pratt,* 4 Pick. 222; *Gloucester* v. *Beach,* 2 Pick. 60 and note; *Bachelder* v. *Wakefield,* 8 Cush. 243; Washburn on Easements, p. 124, Secs. 26, 27; Angell on Watercourses, p. 258, Sec. 216.

*Hundley & Martin,* for Respondents, argued that adverse possession for five years not only barred the remedy, but vested a perfect title in the adverse possessor, and cited *Crandall* v. *Woods,* 8 Cal. 136; *American Company* v. *Bradford,* 27 Cal. 360; *Hill* v. *Newman,* 5 Cal. 445; *Arrington* v. *Liscom,* 34 Cal. 365.

By the Court, RHODES, J.:

This is an action to prevent the defendants from maintaining, and to cause to be abated as a nuisance, a water ditch which was constructed, and was and still is used, to convey water for mining purposes.

The ditch was constructed between 1856 and 1857, and all the right or title therein which was acquired by the person who constructed it is vested in the defendants. The plaintiff acquired the title to certain tracts of land over which the ditch runs, under two patents from the United States, which were issued to the plaintiff's grantor in 1860 and 1861, and a duplicate certificate and receipt issued by the Receiver of the Land Office, at Marysville, to the plaintiff's grantor in 1864. The defendants pleaded, among other defenses, the Statute of Limitations. The action was commenced April 4th, 1870. The defendants had judgment.

The Court found for the defendants on the issue of adverse

possession, and although on some points there was a conflict in the evidence, there was sufficient evidence, if the Court gave the greater credit to the testimony of the defendants, to justify the finding. That the use commenced and continued up to the commencement of the action under a claim of right, and that it was peaceable, without interruption, open, notorious, and exclusive, and that it was maintained with the knowledge of the plaintiff and his grantors after they acquired title, the evidence leaves but little doubt, and justified the Court in finding the adverse possession—or prescription, as it is usually denominated, when the issue relates to an easement.

The other points need not be noticed, as the finding on that issue is decisive of the case.

Judgment and order affirmed.