[No. 14098.   Department One. — November 29, 1891.]

LYMAN ALLEN ET AL., RESPONDENTS, *v.* SAN JOSÉ LAND AND WATER COMPANY ET AL., APPELLANTS.

IRRIGATING DITCH — LAYING OF PIPES — EASEMENT — BENEFIT TO SERVIENT ESTATE — INJUNCTION — JUDGMENT UPON PLEADINGS. — Where the answer in an action to restrain the laying of pipes permanently in a ditch across the plaintiffs' land admits the plaintiffs' ownership of the land, and the intention to lay the pipes, and claims the right so to do by reason of defendants' alleged ownership of the ditch, and their alleged prescriptive right to use it across plaintiffs' land for purposes of irrigation, and avers that the pipes are of no greater carrying capacity than the ditch, and will render the use of the easement less burdensome to plaintiffs' servient estate, and more convenient to defendants, and that the laying of them will be without damage to plaintiffs, no defense is stated, and the plaintiffs are entitled to judgment, upon the pleadings, perpetually enjoining the laying of the pipes.

ID. — CHANGE IN USE OF EASEMENT — NEW SERVITUDE — BENEFIT IMMATERIAL. — Where an alteration in the mode and manner of using an easement is so substantial as to result in the creation and substitution of a different servitude from that which previously existed, it is immaterial that the alteration will benefit the servient estate and convenience the dominant estate.

ID. — CHANGE FROM OPEN DITCH TO COVERED PIPE LINE — SUBSTANTIAL ALTERATION. — The change of an easement to conduct water for irrigation in an open ditch, by placing a covered pipe line in the ground in lieu thereof, is a substantial alteration which would result in the extinction of the easement, and the creation of a new and different servitude.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. Dunnigan,* and *Anderson, Fitzgerald & Anderson,* for Appellants.

*Walter J. Hughes,* and *Chapman & Hendrick,* for Respondents.

GAROUTTE, J. — This is an appeal from a judgment upon the pleadings.

The only material facts alleged in the complaint, and not denied by the answer, are: 1. The ownership of the

land; 2. The defendants have placed pipe upon plaintiffs' land preparatory to laying the same permanently in a ditch across said land.

Defendants' answer alleges that "it is the owner of a certain ditch across plaintiffs' land used for the purpose of carrying water to its (defendants') land for the purpose of irrigation; that the pipes to be laid are of no greater carrying capacity than its said ditch, and when so laid by defendants, will render the use of the easement less burdensome to plaintiffs' servient estate, and more convenient to defendants; that no damage has been done to plaintiffs' land, and no damage or trespass threatened or intended." Defendants also set out the facts showing title to the ditch and water by adverse user.

Upon these facts, judgment was rendered for plaintiffs for a perpetual injunction restraining the defendants from laying the pipe, and this is an appeal from such judgment.

The principal question in this case is, whether an easement to run water over plaintiffs' land in an open ditch is satisfied by carrying the water in a closed pipe laid on the bottom of such ditch and then covered to the depth of thirteen inches with dirt, provided that such change in the easement would benefit the servient estate and convenience the dominant estate.

After a careful examination of many authorities, we are led to conclude that the allegation of the answer, "that the alteration in the mode and manner of using the easement will be less burdensome to the servient estate and more convenient to the defendant," adds no strength to defendants' position, and that such fact is never a material element in a case where it is insisted that the alteration is so substantial as would result in the creation and substitution of a different servitude from that which previously existed.

In speaking of this question of easements in *Merritt* v. *Parker*, 1 N. J. Eq. 466, the chief justice said: "No one has a right to compel another to have his property improved in a particular manner; it is as illegal to force

him to receive a benefit as to submit to an injury. In the light therefore in which we view this subject, whether the drawing of the water from the pond by means of a trench or the causing an additional quantity of water to flow through the lands of the defendant was productive of benefit or injury are, in my opinion, questions into which we have no right to examine."

In *Dickinson* v. *Grand Junction Canal Co.*, 15 Beav. 260, it was said: "If the plaintiffs have purchased from the company a right to preserve the waters in the rivers Belbourne and Gade from being diverted in any other manner than, . . . . it is no answer to them to say that the diversion proposed will not be injurious to them, or even to prove that it may be beneficial to them. It is for them to judge whether the agreement shall be preserved, so far as they are concerned, in its integrity, or whether they shall permit it to be violated."

In *Johnston* v. *Hyde*, 32 N. J. Eq. 455, where the owner of the servient estate attempted to substitute a covered way for an open ditch, the court said it could not compel Mr. Hyde to accept the substitution of a covered aqueduct for an open raceway.

The same doctrine has been emphatically announced by this court in *Gregory* v. *Nelson*, 41 Cal. 278. The action was brought to restrain the defendants from destroying plaintiffs' water-ditch by their mining operations upon a claim across which the ditch ran.

Plaintiffs' title to the water-ditch rested upon their right by prescription. The court found in favor of plaintiffs' title, but permitted defendants to proceed with their mining operations, provided they would construct a metal pipe at this point of sufficient capacity to carry the water in lieu of said ditch. In referring to this portion of the judgment, the court said "it knew of no principle of law or power in a court of equity to justify or authorize such an invasion of the property rights of one private party to serve the wishes, convenience, or necessities of another private party. . . . . It is the duty of courts to protect a party in the enjoyment of his private

property, not to license a trespass upon such property, or to compel the owner to exchange the same for other property, to answer private purposes or necessities."

If the owner of the servient estate is not allowed to materially alter the character of the servitude, although such alteration would not result in damage to the dominant estate, but might be a benefit thereto, we see no reason why the same principle would not apply to the owner of the dominant estate in making material alterations in the character of his easement.

Section 806 of the Civil Code provides: "The extent of a servitude is determined by the terms of the grant or the nature of the enjoyment by which it was acquired"; and it appears to be settled doctrine that both parties have the right to insist that so long as the easement is enjoyed it shall remain substantially the same as it was at the time the right accrued, entirely regardless of the question as to the relative benefit and damage that would ensue to the parties by reason of a change in the mode and manner of its enjoyment.

Defendants' title rests upon a right by prescription, — an implied grant, — a grant which limits and defines defendant's rights as fully and as strictly as though the grant were express; and for the purpose of determining its terms we must look to the nature of the enjoyment by which it was acquired, for, as provided by the section already quoted, the nature of that enjoyment measures the extent of the servitude.

It is quite apparent that the nature of defendants' enjoyment in this case was the right of conducting water in an open ditch over and across plaintiffs' land; that right was acquired by actually conducting the water in an open ditch over plaintiffs' land, and the servitude resting upon their realty is exactly of the same character, and no more or less burdensome than though plaintiffs had expressly granted to defendants the right to conduct water in an open ditch across their land.

In *Ware* v. *Walker*, 70 Cal. 595, the court said: "The plaintiff, by the construction of his ditch, and the appro-

priation and user of the water of the stream, acquired as against the defendant . . . . as complete and perfect a right to maintain his ditch and have the water flow to, in, and through the same as though such right or easement had vested in him by grant."

The only question remaining is, whether defendants' easement to conduct water in an open ditch over plaintiffs' land is substantially altered by placing a covered pipe line in the ground in lieu thereof. Will the terms of a grant for an open ditch of water be satisfied by laying an underground pipe line? We are clearly satisfied to the contrary, and that such a course, if continued, would result in an extinction of the easement, and the creation of a servitude upon plaintiffs' land different in kind from the one previously existing there.

In *Heath* v. *Bucknall*, L. R. 8 Eq. 5, the rule was declared, quoting from *Carriers' Co.* v. *Corbett*, 2 Drew. & S. 355: "Where a house having ancient lights is burned or pulled down, and rebuilt, and the question arises whether the character of ancient lights which belonged to the windows of the old house attaches to those of the new, it appears to me that the principle to be applied to the solution of the question is this: to inquire whether the new windows would impose on the servient tenement either an *additional* servitude to that to which it was subjected when the old house existed, or a *different* servitude from that which previously existed. . . . . To deprive them of that character, the change must be material, either in the *nature* or in the *quantity* of the servitude imposed."

We believe the threatened alteration by defendants in the mode of using the easement is of such a substantial character as to be without the terms of its implied grant, and if carried out would result in the creation of a new and different servitude.

Let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.