[No. 18336.   Department Two.—August 14, 1895.]

ANTONE JOSEPH, APPELLANT, v. JEROME B. AGER, RESPONDENT.

WATER RIGHTS—EASEMENT—MEASURE OF RIGHT.—The right to take water from the land of another for use on the premises of the person taking it is an easement founded on a grant, or on prescription which supposes a grant, and the right is measured by the terms of the grant, or by the prescriptive use.

ID.—SECONDARY EASEMENTS—TRESPASS.—The owner of the easement has secondary easements, such as the right to enter upon the servient tenement and make repairs, and to do such things as are necessary for the full exercise of the right; but these secondary easements can be exercised only when necessary, and in such a reasonable manner as not to needlessly increase the burden upon the servient tenement, and the easement does not give its owner the right to commit a trespass upon the servient tenement, or to exercise the easement to suit his own pleasure.

ID.—REMEDY OF SERVIENT OWNER—FILLING UP OF DITCH. —Where the owner of the easement commits a trespass upon the servient tenement, and attempts to change the servitude in an improper manner by the extension of a ditch thereupon without right, and without the consent of the owner, the servient owner has the privilege of taking the remedy into his own hands, and may fill up the extension of the ditch.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial.   EDWIN SHEARER, Judge.

The facts are stated in the opinion of the court.

*Joseph F. Farraher*, for Appellant.

Appellant's easement entitled him to maintain his ditch on the lands of respondent, and carried with it such secondary easements as were requisite to the complete enjoyment of the principal one.   (Civ. Code, secs.

801, 802; Angell on Watercourses, 7th ed., secs. 158–60; Washburn on Easements, 3d ed., 685; *Prescott* v. *White,* 21 Pick. 341; 32 Am. Dec. 267; *Hammond* v. *Woodman,* 41 Me. 177; 66 Am. Dec. 224; *Painter* v. *Pasadena Land etc. Co.,* 91 Cal. 74; *Dietz* v. *Mission Transfer Co.,* 95 Cal. 98; *Wetmore* v. *Fiske,* 15 R. I. 354; *Green* v. *Richmond,* 155 Mass. 188.) Where the stream has no fixed course, and it becomes necessary for the owner of the dominant tenement to change the stream, the manner in which this right was first and always used, and always acquiesced in, is the manner which the owner of the easement must follow, and which the owner of the servient tenement must respect. (Civ. Code, sec. 806; *Hill* v. *Finigan,* 62 Cal. 439; Washburn on Easements, 685; *Ware* v. *Walker,* 70 Cal. 595; *Colburn* v. *Richards,* 13 Mass. 420; 7 Am. Dec. 160; *Prescott* v. *White, supra; Chapman* v. *Thames Mfg. Co.,* 13 Conn. 269; 33 Am. Dec. 401; *Prescott* v. *Williams,* 5 Met. 429; 39 Am. Dec. 688; *Heath* v. *Williams,* 43 Am. Dec. 265; *Hammond* v. *Woodman, supra; Painter* v. *Pasadena Land etc. Co., supra; Green* v. *Richmond, supra; Allen* v. *San Jose Land etc. Co.,* 92 Cal. 138; *Roberts* v. *Roberts,* 55 N. Y. 275; *Taylor* v. *Hampton,* 4 McCord, 96; 17 Am. Dec. 710; *Butterworth* v. *Crawford,* 46 N. Y. 349; 7 Am. Rep. 352; *Boynton* v. *Longley,* 19 Nev. 69; 3 Am. St. Rep. 781; *Wright* v. *Moore,* 38 Ala. 593; 82 Am. Dec. 731.) The case was properly submitted to and passed upon by the jury. (*Barbour* v. *Pierce,* 42 Cal. 662.)

*H. B. Warren,* and *Gillis & Tapscott,* for Respondent.

Appellant had no right whatever to enter upon respondent's premises where he did and dig the new ditch. (Civ. Code, secs. 801, 802; Angell on Watercourses, 7th ed., secs. 158–60; Washburn on Easements, 3d ed., 685; *Prescott* v. *White,* 21 Pick. 341; 32 Am. Dec. 266; *Painter* v. *Pasadena Land etc. Co.,* 91 Cal. 74; *Hammond* v. *Woodman,* 41 Me. 177; 66 Am. Dec. 224; *Dietz* v. *Mission Transfer Co.,* 95 Cal. 98; *Wetmore* v. *Fiske,* 15 R. I. 354; *Green* v. *Richmond,* 155 Mass. 188; *Hill* v. *Finigan,*

62 Cal. 439.)  The owner of a servitude will be held to a
reasonable exercise thereof, and can do such things only
as are necessary to secure the enjoyment of it. (*McTav-
ish* v. *Carroll*, 7 Md. 352; 61 Am. Dec. 354; *Dietz* v. *Mis-
sion Transfer Co., supra; Wetmore* v. *Fiske, supra.*)

McFARLAND, J.—This action was for an injunction to
restrain defendant from interfering with a certain ditch
dug by plaintiff on the land of defendant, and for dam-
ages alleged to have been caused by the filling up of
part of said ditch by defendant.  The verdict and judg-
ment were for defendant; and plaintiff appeals from an
order denying his motion for a new trial.

The appellant owns land on a natural watercourse
called Willow creek, and respondent owns land on said
creek adjoining and immediately above said land of ap-
pellant; and for many years appellant and his predeces-
sors have exercised the right of maintaining a ditch up
through a part of respondent's land in which they have
carried water from the north side of said creek down to
their said land.  As, owing to the nature of the creek,
it was difficult to keep the head of the ditch always at
the same place, they, during the years prior to 1890,
several times extended the ditch somewhat farther up
the creek, but always keeping on the north side.  But,
from the effect of a freshet in 1890, the creek changed
its course, leaving its ancient channel at a point above
the land of respondent, and running through the latter's
land in a channel several hundred yards south of its
old channel, and south of some land called "the island,"
and beyond the reach of appellant's ditch.  Thereupon
the appellant, notwithstanding the objection and pro-
test of respondent, constructed a new piece of ditch
from a point nearly six hundred feet below the head of
the old ditch, across respondent's land to the new chan-
nel of said creek.  This new piece of ditch is about seven
hundred feet long; and, after it had been dug, against
respondent's objection as aforesaid, respondent filled
up a part of it, which act is the basis of this action.  The

evidence warranted the jury in finding that this new ditch, if maintained, would be a damage to respondent of at least one thousand dollars; that respondent offered to allow appellant to make a connection between his old ditch and the new channel by means of a new piece of ditch at other points on respondent's land where but little damage would be done respondent by such connection; and that, by accepting respondent's offer, appellant could have re-established his ditch and water right, and enjoyed the use thereof, as formerly, at less expense than he incurred by digging the said new ditch.

The question whether or not the connection of appellant's old ditch with the new channel of the creek would be a substantial change of the servitude (*Allen* v. *San Jose etc. Co.*, 92 Cal. 138), and therefore not maintainable, does not arise, because respondent did not make that point. The general law applicable to this case is therefore well settled. The right to take water from the land of another for use on the premises of the person taking it is an easement founded on a grant, or on a prescription which supposes a grant. Such an easement does not give its owner the right to commit a trespass upon the servient tenement, or to exercise the easement after any manner which happens to suit his pleasure. His right is measured by the terms of his grant; or, where the supposed original grant does not appear, by the prescriptive use. This, however, includes what are called "secondary easements," such as the right to enter upon the servient tenement and make repairs, and to do such things as are necessary for the full exercise of the right. But these secondary easements must be exercised only when necessary, and in such a reasonable manner as not to needlessly increase the burden upon the servient tenement. (*Hargrave* v. *Cook*, *ante*, p. 72; Gale and Whately on Easements, 235, et seq., and notes.) "As every easement is a restriction upon the right of property of the owner of the servient tenement, no alteration can be made in the mode of enjoyment by the owner of the dominant herit-

age, the effect of which will be to increase such restriction. Supposing no express grant to exist, the right must be limited by the amount of enjoyment proved to have been had" (Gale and Whately, 237); and the authors, on page 246, further say: "The servient owner has likewise his rights; the dominant owner's encroachments can be justified only to the extent of his easement; as to all beyond that, his acts constitute a private nuisance, for which an action may be maintained. With regard, therefore, to all artificial easements, he is bound to keep his works in such a state that they will cause no encumbrance to his neighbor beyond that warranted by the easement; and if he neglects this he brings himself within the ordinary case of a violation of the rule '*Sic utere tuo ut alienum non lædas,*' and is, of course, liable to an action. The servient owner has in this, as in other cases of nuisance, the privilege of *taking the remedy into his own hands.*" In *Ware* v. *Walker,* 70 Cal. 591, cited by the appellant, the court say that the plaintiff therein exercised his right "in a reasonable and proper manner, and, as found by the court, without damage to the defendant."

The court, we think, fairly gave the case to the jury in view of the principles above stated; and we see no prejudicial error committed in its rulings. The case, therefore, resolves itself into questions of facts properly submitted to the jury; and, as there was evidence amply sufficient to sustain their verdict, there is no reason for disturbing it.

The order denying the motion for a new trial is affirmed.

TEMPLE, J., and HENSHAW, J., concurred.