[Sac. No. 719.   Department One. — March 21, 1901.]     |132  297|
                                                          |e148 766|

JOHN K. OLIVER, Respondent, v. JULES AGASSE, Appellant.

WATER-DITCH — PUBLIC LAND — EASEMENT UPON PATENTED LAND — PIPE-LINE — CHANGE OF SERVITUDE NOT PERMISSIBLE. — A water-ditch upon the public domain, which extends across land subsequently patented by the United States to a private proprietor, and which is protected as an easement thereupon by section 2340 of the Revised Statutes of the United States, is subject to the same rules against any substantial change of the servitude as if the easement had been granted by such private proprietor. The mode of enjoyment of the easement cannot be changed, after the date of the patent, by the substitution of a pipe-line for the ditch, without the consent of the patentee, even though it may be less burdensome to the servient estate.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. B. Curtin, for Appellant.

F. W. Street, for Respondent.

VAN DYKE, J.—This action was brought to have the defendant move off a pipe-line which he had laid in an old ditch extending across the mining claim belonging to plaintiff. The Tuolumne County Water Company for many years past has been the owner of the water-ditch crossing said plaintiff's mining claim, conveying water therein for sale for mining and irrigation purposes. Defendant is the owner of a tract of agricultural land adjoining said mining claim, and has been for many years purchasing water from the Tuolumne County Water Company, and during said time conveying the same from the ditch of the Tuolumne County Water Company across plaintiff's mining claim, by means of a ditch, to defendant's land and premises. On September 13, 1898, defendant entered upon plaintiff's mining claim, and laid a pipe-line from the said company's ditch, along and in said defendant's ditch, across plaintiff's land, to his (defendant's) land and premises. A patent to plaintiff's mining claim was issued by the United States, July 1, 1898, which was subject to defendant's easement, as provided by section 2340 of the Revised Statutes, as follows: "All patents granted or pre-emptions or homesteads allowed shall be subject to any vested and accrued water rights, or rights to ditches and reservoirs used in connection with such water rights, as may have been acquired under or recognized by the preceding section."

The court below gave judgment for the plaintiff, and the appeal is taken from said judgment and from an order denying defendant's motion for a new trial.

In *Allen* v. *San José Land etc. Co.*, 92 Cal. 138, the question, as stated by the court in its opinion, was, whether an easement to run water over plaintiff's land in an open ditch is satisfied by carrying the water in a closed pipe laid on the bottom of such ditch and then covered, provided that the change in the easement would benefit the servient estate and convenience the dominant estate, and it is said: "After a careful examination of many authorities, we are led to conclude that the allegation of the answer, 'that the alteration in the mode and manner of using the easement will be less burden-

some to the servient estate and more convenient to the defend-
ant,' adds no strength to defendants' position, and that such
fact is never a material element in a case where it is insisted
that the alteration is so substantial as would result in the
creation and substitution of a different servitude from that
which previously existed." Again, "If the owner of the ser-
vient estate is not allowed to materially alter the character of
the servitude, although such alteration would not result in
damage to the dominant estate, but might be a benefit thereto,
we see no reason why the same principle would not apply to
the owner of the dominant estate in making material altera-
tions in the character of his easement." Citing the section
from the Civil Code bearing upon the question, this court con-
tinues: "And it appears to be settled doctrine, that both
parties have the right to insist that so long as the easement is
enjoyed it shall remain substantially the same as it was at the
time the right accrued, entirely regardless of the question as
to the relative benefit and damage that would ensue to the
parties by reason of a change in the mode and manner of its
enjoyment"; and it was held that the substitution of a pipe-
line for an open ditch, as a means of conveying water, was a
substantial alteration in the mode of enjoyment of the ease-
ment. This case was referred to in *Joseph* v. *Ager*, 108 Cal.
517, with approbation, and it is said: "The general law appli-
cable to this case is therefore well settled. . . . Such an ease-
ment does not give its owner the right to commit a trespass
upon the servient tenement, or to exercise the easement after
any manner which happens to suit his pleasure. His right is
measured by the terms of his grant, or, where the supposed
original grant does not appear, by the prescriptive use. This,
however, includes what are called 'secondary easements,' such
as the right to enter upon the servient tenement and make
repairs, and to do such things as are necessary for the full
exercise of the right. But these secondary easements must be
exercised only when necessary, and in such a reasonable man-
ner as not to needlessly increase the burden upon the servient
tenement."

But it is contended on the part of the appellant that the
rule laid down in these cases does not apply to the present
action, for the reason that "the appellant was the owner of
this easement long prior to any right of respondent to the
lands over which the easement exists. It was created and en-

joyed while the lands of respondent were public lands, and when respondent's patent was issued it contained the usual reservation as to water rights"; and hence it is contended that the owner of the easement is not limited to the original mode of enjoying the same, existing at the time of the patent.

In *Smith* v. *Hawkins*, 110 Cal. 125, relied upon by appellant, it is said: "An appropriator of water under these circumstances, and while the land which he subjects to his necessary uses continued to be part of the public domain, is a licensee of the general government; but when such part of the public domain passes into private ownership, it is burdened by the easement granted by the United States to the appropriator who holds his right against this land under an express grant." The fee to the land in this case was conveyed by the United States to the plaintiff, subject to this easement. But there can be no difference in this case from that of an easement acquired by grant of a private proprietor, wherein a conveyance of the fee by such proprietor is made subject to the burden of said easement.

As every easement is a restriction upon the right of the property of the owner of the servient tenement, no alteration can be made in the mode of enjoyment by the owner of the dominant tenement, the effect of which will be to increase such restriction. The right must be limited by the amount of enjoyment proved to have been had. (*North Fork Water Co.* v. *Edwards*, 121 Cal. 662; Gale and Whatley on Easements, 237; Jones on Easements, sec. 888.)

Judgment and order appealed from affirmed.

Garoutte, J., and Harrison, J., concurred.