[Sac. No. 1264.   Department One.—March 2, 1906.]

## WUTCHUMNA WATER COMPANY, Respondent, v. L. A. RAGLE et al., Appellants.

WATER-RIGHTS—ACTION TO ENJOIN DIVERSION—PRESCRIPTIVE RIGHT OF DEFENDANTS — ERRONEOUS JUDGMENT REQUIRING NOTICE. — In an action to enjoin the diversion of water from plaintiff's ditch, where the findings establish a perfect and complete prescriptive right in defendants to divert the water in controversy, which is not found to have been exercised under any condition as to notice, the court had no authority, in its conclusions of law and judgment, to require the defendants to give notice to the plaintiff, as a condition of the exercise of the future enjoyment of their prescriptive right.

APPEAL from an order of the Superior Court of Tulare County denying defendants' motion to vacate the original judgment and to amend its conclusions of law and judgment, and from a portion of the judgment.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Alfred Daggett, for Appellants.

E. O. Larkins, for Respondent.

LORIGAN, J.—This action was brought to enjoin defendants from diverting any portion of the waters of a certain water-ditch known as the Wutchumna Ditch, situated in Tulare County, to all of which plaintiff claimed to be the owner.   By their answer defendants as an affirmative defense

to said action and as a basis of their right to divert water from said ditch, averred facts under which they claimed that as early as 1877 their predecessor in interest in the lands described in their answer had, under an agreement with the Pioneer Canal Company, to whose rights in said canal plaintiff succeeded, acquired a perpetual right to divert two cubic feet of water per second from said ditch for the irrigation of said land; that from 1878 to 1885 said predecessor of defendants diverted said water by cutting the bank of said ditch, but that from 1885, in order to enable him to divert the quantity of water which he claimed was necessary, and to which he was entitled, he placed a dam in the channel of said ditch sufficient to divert said two cubic feet of water, and thereafter said dam was maintained therein, and said quantity of water diverted from, said ditch by the predecessor of defendants and by defendants themselves, openly, notoriously, continuously, and uninterruptedly, under a claim of right so to do, adversely to said plaintiff, and with the knowledge and acquiescence of said plaintiff from 1885 down to the filing of plaintiff's complaint on July 3, 1902. The answer concluded with a plea in proper form of the statute of limitations.

Upon the issues made by their pleading the case was tried by the court and findings of fact and conclusions of law followed. The findings of the court are quite full. It found that there was a parol agreement between the predecessor in interest of defendants and the Pioneer Canal Company, under which the diversion of water from said Wutchumna Ditch by said predecessor had its inception; that said predecessor, and defendants as his successor in interest, had, for a period far exceeding five years prior to the commencement of the action, continuously, openly, notoriously, and uni erruptedly, under a claim of right, and adversely to plaintiff, taken and diverted from the ditch of plaintiff water sufficient to irrigate the forty acres of land described in their answer during the months of April, May, June, and up to July 15th of each year, using a head of two cubic feet per second, and water sufficient to irrigate twenty acres of said forty acres from July 15th to August 15th and from February 1st to April 1st of each year, using a head of one cubic foot per second, which said water was taken and diverted by means of said ditch and dam referred to in their answer; and that plaintiff's cause of

action against defendants for the diversion of water from said Wutchumna Ditch and to .he extent and for the purposes above found was barred by stated provisions of the statute of limitations. In addition the court found: "That the said plaintiff . . . is the owner of said Wutchumna Ditch, and the water diverted thereby, subject to the right of said defendants . . . to take and divert water from said Wutchumna Ditch as aforesaid; and that said defendants . . . now have, and they and their ancestors and predecessors in estate for more than twenty years last past have had, the right as against the said plaintiff, to take and divert water as aforesaid from the said Wutchumna Ditch for irrigation on said 40 acres of land; and that said defendants have the right as against said plaintiff to keep and maintain in the channel of said Wutchumna Ditch a dam sufficient to enable them to take and divert from said ditch the quantity of water aforesaid at the times aforesaid."

As conclusions of law from the findings, the court decided that defendants were entitled to divert water from the ditch of plaintiff at the times and in the quantities specified in the findings just referred to, and to keep and maintain a dam in the channel of plaintiff's ditch sufficiently high for that purpose, and then further decided: "That plaintiff provide and maintain at the point of diversion of the Jones (defendants') ditch a permanent headgate, dam and measuring box, which shall be under the control and supervision of plaintiff, and that defendants, or either of them, shall not interfere with the same, nor turn the water out of said Wutchumna Ditch without giving the superintendent at least one day's written notice that they needed the water turned out for the irrigation of their said lands. Should the superintendent after notice refuse or neglect to turn out the water which they or either of them are entitled to, or less than the quantity herein awarded, defendants, or either of them, may open said headgate and turn the water out to which they may be entitled. In case said superintendent cannot be found after diligent inquiry, defendants may post said notice above referred to at the said dam or headgate, in lieu of delivering the same to him as aforesaid. At the end of each irrigation defendant shall promptly close the headgate and turn the water back down said Wutchumna Ditch, or notify the superintenden'

that their irrigation is completed.'' Judgment was entered upon the said findings and conclusions of law, which, after adjudging the right of defendants to take the quantity of water at and for the times designated, and to maintain a dam in the ditch of plaintiff for that purpose, contained also as part thereof, *verbatim*, that portion of the conclusions of law which we have just quoted.

Defendants were satisfied with the findings of fact, but being dissatisfied with the conclusions of law and the judgment entered thereon, in due time, under sections 663 and 663½ of the Code of Civil Procedure, and on the ground of inconsistent and erroneous conclusions of law, not consistent with and not supported by the findings of fact filed, moved the court to set aside said conclusions of law, and the judgment entered thereon, and to amend said conclusions of law by striking therefrom that portion thereof above quoted, and to enter a different judgment by striking from the judgment entered all that portion which followed and embraced the said quoted conclusions of law as a part of it. On the hearing of the motion, the court, in effect, denied it, but made an order vacating said judgment, amended its conclusions of law, and ordered and entered another judgment thereon, to which defendants duly excepted.

The amended conclusions of law, and the judgment entered thereon, differ in no material respect from that portion of the conclusions and judgment theretofore made and entered, and against which defendants' motion was directed. The amended portion of the conclusions of law and the judgment entered, which follows its identical language, provides: ''That plaintiff, prior to Jan. 15, 1904, provide and thereafter maintain a permanent dam, measuring box, and headgate at the point of diversion of the Jones (defendants') ditch, and if plaintiff fails to comply with this order within the time aforesaid defendants may divert from said Wutchumna Ditch at said point of diversion of the Jones (defendants') ditch the water to which they may be entitled and which they are hereby awarded, using all necessary means. That, upon plaintiff providing and maintaining the dam, measuring box, and headgate as aforesaid, defendants shall not turn water out of said ditch without giving the superintendent, ditch tender, or other agent of plaintiff in charge of said ditch, at least two

days' written notice, personally delivered to him, or at least three days' written notice by posting the same on said head-gate, or depositing it in any box affixed to such headgate that plaintiff may provide for the purpose of receiving such notice. At the end of each irrigation defendants shall promptly close said headgate and turn the water back down the Wutchumna ditch. Should plaintiff, after the giving of said notice, refuse or neglect to turn to defendants the quantity of water defendants demand and may be entitled to receive at the time designated, then defendants may enter upon said ditch and take therefrom the water they are entitled to receive. Such notice to be dated and signed, and state that at a time named defendants will need the water to which they are entitled, or if all is not required, a designated quantity."

Two appeals are taken by defendants, one from the order denying their motion, as made, to set aside and vacate the original judgment and amending the previous conclusions of law, which branch of the appeal is presented on a bill of exceptions; the other is from that portion of the final judgment which follows the amended conclusions of law last made, and is presented on the judgment-roll. Both these appeals are presented together, and, as the ground urged for a reversal is common to both, we will discuss only the appeal from the quoted portion of the final judgment entered upon the amended conclusions of law, because the conclusion we reach upon the question of its validity will necessarily dispose of the appeal from the order.

The particular point urged on the appeal from said judgment based on the amended conclusions of law is that the portion thereof providing for notice to be given by defendants before they can exercise the right to take water from the ditch of plaintiff is not warranted or supported by the findings of fact, and is erroneous. In other words, it is insisted that, as it appears from the findings of fact that the defendants had acquired and possessed at the commencement of the action the absolute, unqualified, and unrestricted right to take and divert from the plaintiff's ditch a certain quantity of water at certain times, and that such right had its origin in a parol grant, and was matured and made effectual by a use of more than five years, openly, notoriously, continuously, uninterruptedly, and adversely, and with the knowledge and acquiescence

of plaintiff and its predecessors, under a claim of right, and as there is no finding by the court that this right was exercised at any time by giving any kind or character of notice to plaintiff, the court was without warrant or authority by its judgment to impose any conditions or limitations with respect to notice upon the future exercise of their right; that the amended conclusions of law and that portion ᴏf the judgment following them, relative to requiring notice, are inconsistent with the facts found, which showed that the defendants when plaintiff's action was commenced then had the vested, absolute right, without notice of any kind to plaintiff, to divert during fixed periods given quantities of water from the Wutchumna Ditch. We think there can be ᴛo doubt of the legal correctness of the position of defendants.

Under the findings of the court the defendants had, at the commencement of the action, acquired a perfect and complete prescriptive right to divert the waters in question from plaintiff's ditch. This right was acquired and perᶠ.cted by virtue of the statute of limitations. It has long been the ᴇ‿ttled law in this state that the adverse possession of land for a period of time prescribed by the statute of limitations not only bars a remedy, but extinguishes the right of the person holding the true written title, and vests a perfect title in the adverse holder. (*Arrington* v. *Liscom*, 34 Cal. 365, [94 Am. Dec. 722].) The perfect title which such adverse occupancy confers "is denominated a title by prescription, which is sufficient against all." (Civ. Code, sec. 1007.) While *Arrington* v. *Liscom*, 34 Cal. 365, [94 Am. Dec. 722] involved the question of title by adverse possession to land, the doctrine announced there has been uniformly held applicable as to the prescriptive right to divert water. As said in *Water Co.* v. *Richardson*, 72 Cal. 601, [14 Pac. 381], "So far, therefore, as the title to property is concerned, or, at all events, so far as the title to real property is concerned, prescription and limitation are convertible terms; and a plea of the proper statute of limitations is a good plea of a prescriptive right. The language of decisions with reference to water-rights has been in accordance with this view. (See *Crandall* v. *Woods*, 8 Cal. 144; *Campbell* v. *West*, 44 Cal. 646; *Cave* v. *Crafts*, 53 Cal. 135.)" To the same effect are the later cases of *Alta Land etc. Co.* v. *Hancock*, 85 Cal. 227, [24 Pac. 645, 20 Am. St. Rep. 217];

and *Faulkner* v. *Rondoni,* 104 Cal. 146, [37 Pac. 883]. Under
these authorities the defendants at the time plaintiff com-
menced its action, having already acquired, as the findings
show, a prescriptive right to divert the waters of the Wutch-
umna Ditch, the extent of that right is to be detrmined from
the nature and character of the adverse user on which it is
founded; the right is commensurate with the extent to which
it was adversely enjoyed for the requisite statutory period
sufficient to vest the right.

Now, the findings show that the right to take these waters
had its inception in a parol grant to the predecessors of de-
fendants of a perpetual right to do so, and that by adverse
user for over twenty years the defendants had acquired the
right to take the waters from such ditch in the manner, and
t ﹐ the extent, and during the periods stated in the findings.
It is nowhere found by the court that the parol grant of a
perpetual right had attached to it any condition or limitation
as to its exercise, nor that the adverse right, found to have
been acquired by and vested in defendants at the commence-
ment of the action, was ever exercised under any conditions
relative to notice, or that any notice was ever given by de-
fendants to plaintiff, save the notice it had from the open and
﹐otorious use of the waters of which the court finds the plain-
tiff had knowledge, and in which it acquiesced. On the con-
trary, the finding of the court is to the clear effect that the
right acquired and possessed by the defendants as against
plaintiff, when th﹐ action was commenced, was an absolute,
unconditioned, unqualified, and unrestricted right to divert
waters from the Wutchumna Ditch in the manner, during
the periods, and to the extent that the court found. As the
right so acquired is not found by the court to have been at
any time exercised under any conditions as to notice, the
court was without authority in its amended conclusions of
law, and in the portion of the judgment complained of, to
attach such conditions to the exercise of the enjoyment of the
right in the future. In *Allen* v. *San Jose Land etc. Co.,* 92
Cal. 138, [28 Pac. 215], plaintiff brought an action to restrain
defendants from laying pipes permanently in a ditch across
his land. Defendants answered, setting up title to the ditch
and water by adverse user; admitted that they intended to
lay pipes therein permanently, and averred that as laid these

pipes would be of no greater carrying capacity than their ditch; that laying them would render the use of the easement less burdensome to plaintiff's servient estate and more convenient to defendants; that no damage would be done to plaintiff's land, and no damage or trespass was threatened or intended. Judgment awarding a perpetual injunction restraining defendants from laying the pipes was granted plaintiff on the pleadings. In sustaining the judgment on appeal this court said: "Section 806 of the Civil Code provides: 'The extent of a servitude is determined by the terms of the grant or the nature of the enjoyment by which it was acquired'; and it appears to be settled doctrine that both parties have the right to insist that so long as the easement is enjoyed it shall remain substantially the same as it was at the time the right accrued, entirely regardless of the question as to the relative benefit and damage that would ensue to the parties by reason of a change in the mode and manner of its enjoyment. Defendants' title rests upon a right by prescription—an implied grant, a grant which limits and defines defendants' rights as fully and as strictly as though the grant were express; and for the purpose of determining its terms we must look to the nature of the enjoyment by which it was acquired, for, as provided by the section already quoted, the nature of that enjoyment measures the extent of the servitude." It was subsequently held by this court, in harmony with the principle declared in the decision just quoted, that where, in 1889, one had built a flume across a ditch, which obstructed the flow of water in said ditch, and had maintained said flume thereafter until 1899, not under license, but as a right, he acquired a prescriptive title thereby, and could not be required to do some act as a condition to the future maintenance of said flume. (*Centerville and K. I. D. Co.* v. *Sanger Lumber Co.*, 140 Cal. 388, [73 Pac. 1079]. See, also, *Gregory* v. *Nelson*, 41 Cal. 289; *Oliver* v. *Agasse*, 132 Cal. 299, [64 Pac. 401].) The principle declared in these authorities is that the rights of a party who has acquired a prescriptive title, and the rights of one against whom said title is acquired, are mutual, and each is entitled to demand that the prescriptive right be exercised in the same manner that it was exercised while it was being acquired.

Under the principle declared by the authorities just cited,

the future use and enjoyment by defendants of the right to divert the waters of the Wutchumna Ditch is to be measured by the use and enjoyment which they possessed when their prescriptive right accrued and became vested. The findings of fact show that defendants had acquired this right by continuous adverse user, and that their use and enjoyment of the right had been in the manner prescribed by the statute of limitations; that this right had been acquired under the conditions prescribed by said statute, and was possessed as completely as the statute could vest it. The court having so found, and it nowhere appearing in any finding that the prescriptive right, which the court finds was vested in the defendants at the commencement of the action, was ever exercised by giving any notice to plaintiff, the court could not modify, restrict, or qualify that right by imposing conditions in its conclusions of law or in the judgment for the exercise of it in the future under notice to the plaintiff. While in the briefs of counsel for appellants it is insisted that all the quoted part of the judgment appealed from is erroneous, including the portion thereof requiring plaintiff to provide and thereafter maintain a permanent dam, measuring-box, and headgate at the point of diversion of the Jones (defendants') ditch, as well as that portion requiring notice to be given plaintiff by defendants before they shall be entitled to turn water out of said ditch, yet, as on the oral argument objection to the first part of the judgment was abandoned, and appellants' attack confined solely to the matter of notice, our disposition of the appeals will be confined to this latter point. It is, as we said in the beginning, unnecessary to discuss the appeal taken from the order, nor do we think it necessary upon reversal to make any particular direction concerning it, as the essential point involved in both appeals can be disposed of under the order to be made on the appeal from the final judgment.

As upon the facts found the court was not warranted, either in its original or amended conclusions of law, or in the first or final judgment, in requiring defendants to give any notice to plaintiff as a condition upon which their acquired prescriptive right to divert waters from plaintiff's ditch should be exercised, both the order and judgment appealed from are reversed, and the lower court is directed to enter a judgment on the findings of fact, eliminating and excluding all

that portion of the judgment appealed from which requires that defendant shall give to plaintiff any notice before exercising their right to divert and use water from the Wutchumna Ditch to the extent that the findings show that the defendants have the right to use the same.

Henshaw, J., and McFarland, J., concurred.