[Civ. No. 16894.  Second Dist., Div. Two.  July 21, 1949.]

DONALD E. SMITH et al., Respondents, v. ROCK CREEK WATER CORPORATION (a Corporation), Appellant.

Oliver O. Clark for Appellant.

Gwyn S. Redwine and Churchill, Teague & Romney for Respondents.

WILSON, J.—Defendant Rock Creek Water Corporation, a mutual water company, has appealed from a judgment quieting plaintiffs' title to real property, defining and limiting the extent of defendant's easement, over such property for the maintenance of its water ditch, and enjoining defendant from damaging or destroying trees, shrubbery and vegetation along and footbridges across the ditch, and from other activities in connection with its maintenance.

The court found the following facts: During the time when the lands now owned by plaintiffs were public lands of the United States defendant's predecessors in interest had constructed an open, unimproved, unlined earthen ditch across such property for the purpose of transmitting water from Rock Creek and had maintained the same for more than 20 years prior to the commencement of the instant action. The ditch had never been lined with cement or otherwise but had been maintained in its natural earthen condition. Defendant had removed obstruction therefrom, including debris, vegetation, rocks and tree roots, and had exercised the right of ingress and egress over the lands now owned by plaintiffs to obtain access to the ditch for the purpose of maintaining it. At no time prior to 1946 did defendant or its predecessors in interest destroy shrubbery or trees growing on plaintiffs' lands adjacent to the ditch or footbridges across the same. Defendant did not, prior to a five-year period immediately preceding the commencement of this action, change the course of the ditch on plaintiffs' lands, construct sluiceways across the open ditch for the purpose of diverting the flow of water from such property, cause surface waters during rainfall to accumulate, or leave debris taken from the ditch upon plaintiffs' premises, nor did they assert the right to do any of

such acts. Within one year prior to the filing of the complaint defendant entered upon such lands and destroyed ornamental shade trees thereon by felling some and ringing or girdling others in such manner as to destroy the life of the trees. Water for the growth and maintenance of the trees and shrubbery was derived from the seepage from the ditch. The debris resulting from the felling of the trees was not removed from plaintiffs' property; some of it was burned on the land without their permission; unsightly tree stumps were left; excavations were made and debris therefrom was piled near plaintiffs' dwellings; plaintiffs' footbridges were destroyed.

The court adjudged (1) that defendant has no right, title or interest in plaintiffs' lands except an easement, which it had obtained by possession and enjoyment, to maintain an open earthen ditch over such lands along the course of the ditch as it existed at the time of filing the complaint and to convey water through the ditch for defendant's needs, and the right to enter upon such lands for the purpose of maintaining and repairing the ditch, including the removal of debris, tree roots and other obstructions to the flow of water, providing the same be removed from plaintiffs' property; (2) that defendant be enjoined from cutting down, girdling or otherwise damaging or destroying trees on such lands or footbridges across the ditch, excavating on plaintiffs' property, causing surface waters to accumulate, constructing sluiceways, changing the course of the ditch or the nature of the easement from that of an open earthen ditch, or diverting waters from the ditch onto plaintiffs' lands.

The findings are sustained by the evidence. Defendant's contention to the contrary ignores the familiar conflict of evidence rule. (*Estate of Pohlmann,* 89 Cal.App.2d 563 [201 P.2d 446, 449-50]; *Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App.2d 777, 779 [163 P.2d 756]; *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)

Defendant contends that its right to use and maintain the ditch rests upon an implied grant as an incident to the appropriation of water upon the federal public domain and that ''every easement carries with it the right, sometimes called a secondary easement, of doing whatever is reasonably necessary for the full enjoyment of the easement itself.'' It further maintains that the acts complained of were reasonably necessary for the full enjoyment of its easement; that it has a duty to do whatever may be reasonably required to conserve

the water and that there are no restrictions in its grant which would require it to maintain the ditch in its present location or to confine it to the existing roads which are now apparent and visible as a means of access to the ditch for the purpose of repair and maintenance. It is defendant's contention that the manner in which the grant has been or is enjoyed does not measure or limit the way in which it may be enjoyed and that under what it defines as "the broad grant of this easement" the line of the ditch may be changed whenever reasonably required; that its agents and employees may travel anywhere at any time upon lands adjacent to the ditch and are not limited to roads now in being; that the servient estate must bear the burden without cost to defendant of whatever detriment may result from the operations of the dominant tenant upon the lands adjacent to the ditch or may be reasonably required for the full enjoyment of the easement. Defendant's contentions find no support in the law. ▮ When patents were issued by the United States for the lands in question the patentees took title subject to the easement then existing, and defendant was without power or right to increase the burden of the easement thereafter or to change the mode of its enjoyment without the consent of the patentees or their successors in interest. (*Oliver* v. *Agasse,* 132 Cal. 297, 300 [64 P. 401]; *Felsenthal* v. *Warring,* 40 Cal.App. 119, 127 [180 P. 67].)

▮ The owner of the servient estate may grant an easement to a third person similar to that held by another if it does not unreasonably interfere with the latter's operations (*Pasadena* v. *California-Michigan L. & W. Co.,* 17 Cal.2d 576, 579 [110 P.2d 983, 133 A.L.R. 1186]) and may make ordinary use of his property beneath electric power wires for the maintenance of which he has granted an easement. (*Lozano* v. *Pacific Gas & Elec. Co.,* 70 Cal.App.2d 415, 421 [161 P.2d 74].) In short, he may use his property in any manner that is not inconsistent with the easement and does not unreasonably impede the dominant tenant in the exercise of his rights. (*Dierssen* v. *McCormack,* 28 Cal.App.2d 164, 170 [82 P.2d 212].) **[3]** The right of the owner of a prescriptive easement is measured by and limited in its use to the nature of the enjoyment by which it was acquired. (*Joseph* v. *Ager,* 108 Cal. 517, 520 [41 P. 422]; *Allen* v. *San Jose L. & W. Co.,* 92 Cal. 138, 141-2 [28 P. 215, 15 L.R.A. 93]; *North Fork Water Co.* v. *Edwards,* 121 Cal. 662, 665-6 [54 P. 69].)

■ Defendant contends that the secondary easement which accompanies the principal easement entitles it to do the acts which the court has enjoined. The secondary easement is no more than the right to make repairs and to do such things as are necessary to the exercise of the right and to do them only when necessary and in such reasonable manner as not to increase the burden needlessly on the servient estate or to enlarge it by alteration in the mode of operation. (North Fork and Joseph cases, *supra.*)

■ The use of the easement may not be changed in such manner as to make it either more or less burdensome to the servient estate. The owner of a prescriptive right to conduct water in an open ditch is not entitled to change the location of the ditch (*Felsenthal* v. *Warring*, 40 Cal.App. 119, 128 [180 P. 67]; *Vestal* v. *Young*, 147 Cal. 715, 718 [82 P. 381]; *Joseph* v. *Ager, supra*); to lay a pipe line along the course of the ditch, cover the pipe line with dirt, and convey water through it (*Allen* v. *San Jose L. & W. Co., supra*; *Oliver* v. *Agasse*, 132 Cal. 297, 299 [64 P. 401]); or to construct aprons for the passage of storm waters over a ditch. (*North Fork Water Co.* v. *Edwards, supra.*)

■ At the trial defendant's attorney stipulated that its "claim to the use of this ditch arises by prescription . . . no deed of easement but only [its] prescriptive rights." But it would make no difference whether the easement had been acquired by prescription or by grant, since the former is an implied grant and the limitations are the same whether the easement has been conveyed by deed or acquired by use. (*Felsenthal* v. *Warring*, 40 Cal.App. 119, 127 [180 P. 67].)

Defendant is liable in damages for its unauthorized destruction of plaintiffs' trees, footbridges and other property. The amounts awarded by the court to the respective plaintiffs are sustained by the evidence.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied August 9, 1949, and appellant's petition for a hearing by the Supreme Court was denied September 15, 1949.