The Evangelical Lutheran St. John's Orphan Home of the City of Buffalo, Respondent, *v.* The Buffalo Hydraulic Association et al., Appellants.

Where A. grants to B. the right to enter upon his lands to construct a dam thereon near a point specified, and to take possession of such portion of the lands as may be necessary for that purpose, when the dam is located and built, the grant becomes as specific in respect to the land subject to the easement as if it had been particularly described in the

grant; and neither grantor nor grantee can, without the consent of the other parties in interest, change the location of the dam.

The estate and interest of a corporation in real property, although it may be but an easement, is subject to levy and sale on execution, as property distinguished from the franchise of the corporation.

(Argued March 20, 1876; decided April 11, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 6 T. & C., 589; 4 Hun, 419.)

This action was brought to require defendants to remove a dam across Buffalo creek, which they were constructing upon plaintiff's premises, and to restrain them from constructing any dam on said premises. The referee found, among other things, the following: That prior to and on February 21, 1828, Robert Troup and others were the owners of the lands and premises where the subject of this controversy is located, and are the common source of title of all parties to this action. On that day, by an instrument in writing they granted unto defendant, the Buffalo Hydraulic Association and its successors, " the right and privilege to enter upon and take possession of such piece of land in the bed and on each side of the Buffalo creek, near to and below the confluence of the Cayuga and middle branch of the Buffalo creek, as may be necessarily occupied and covered by a dam or dyke to be there erected and made for the purpose of diverting and conducting the waters of the said creek to the village of Buffalo, and there to erect and maintain such dam or dyke, and thence by means of a canal to be excavated and made through the said lands within the said reservation (and which the said parties of the second part are hereby authorized to excavate and make of any width, not exceeding fifty feet), to divert and conduct the said waters to the said village of Buffalo, and also the right and privilege of using and employing the waters so to be conducted for the purposes and objects expressed in the said act of incorporation."

Under and in pursuance of the easements and rights con-

ferred by said instrument, said defendant did, about the year 1829, locate and erect a dam, and did excavate a canal therefrom to the then village of Buffalo, and for a time maintained the same.

That under and by virtue of an execution issued upon a judgment obtained against said defendant, the sheriff levied upon and sold, among other things, all the estate and interest of said defendant in said lands, and the same not having been redeemed, were conveyed by the sheriff to the purchaser; that, since said sale and conveyance, various individuals claiming to be the Buffalo Hydraulic Association kept a dam at the place designated until about the year 1871, from which time, until the defendants herein commenced the construction of the dam in question, only portions of a dam have been visible, and no substantial dam has been maintained; that plaintiff, by means of divers mesne conveyances, became seized in fee simple of the lands mentioned and described in the complaint; that, in the summer of 1873, the defendants in this action, without the consent of plaintiff and against its request and direction, entered upon its said lands and premises, and commenced and have nearly completed the construction of a dam across Buffalo creek, which is located at the northerly end about 100 feet westerly from the place where the dam was originally located and maintained, and extending across said Buffalo creek on a course that locates the southerly end thereof between 400 and 500 feet westerly from such place, which is the dam complained of.

*E. Thayer* for the appellants.    The easement or privilege to flow water and construct a dam conveyed to the corporation defendant could not be sold under an execution. (Abb. Dig. of Corporations, 348; *Arthur, Prest., etc.,* v. *C. and R. R. Bk.,* 9 S. & M., 394; *Sus. Canal Co.* v. *Bonham,* 9 W. & S., 27; *Stewart* v. *Jones,* 40 Mo., 140; *Thompson* v. *N. Y. and H. R. R. Co.,* 3 Sandf. Ch., 625; *Adams* v. *Beach,* 6 Hill, 273.)    The subject of the grant made to the corporation defendant was an easement or right of way in

gross. (5 Bouv. L. Dict.; Taylor's L. and T., 213.) The conditions in the grant from Troup were conditions subsequent, and if an estate was created in the corporation a mere failure to perform them did not divest the title. (*Nicholl* v. *N. Y. and E. R. R. Co.*, 12 N. Y., 121; 2 Roberts, 489.)

*Geo. W. Cothran* for the respondent. The sale by the sheriff divested the corporation of all rights of property it had in the subject in controversy. (Crocker on Sheriffs, § 483; *Griffin* v. *Spencer*, 6 Hill, 525; 6 T. & C., 589.) In changing the location of the dam defendant's acts were unlawful, and it may be restrained by injunction. (*Griffin* v. *House*, 18 J. R., 397; *People* v. *Collins*, 19 Wend., 56; *Cayuga Bridge Co.* v. *Magee*, 2 Paige, 116; 6 Wend., 85; *Fitzhugh* v. *Raymond*, 49 Barb., 645.)

ALLEN, J. Whatever may be the rights of the defendants or either of them to maintain a dam upon the site of that originally constructed in 1829 under the grant from Robert Throup and others, then owners of the lands upon which the same was located, their rights are restricted to that particular site. The right and privilege granted to the hydraulic association was to enter upon and take possession of such piece of land at or near a point designated as might be necessarily occupied and covered by a dam or dyke to be there erected by the grantees. Although the lands upon which the privilege was to be exercised, and which were subject to the easement for the benefit of the association, were not described by metes and bounds, when the grantees located and built their dam, the grant became and was as specific in respect to the land to be occupied under the grant as if they had been particularly described in it. From that time neither the grantors nor grantees could, without the consent of the other parties in interest, change the location of the dam. The grant authorized the construction and maintenance of but one dam, and at a single point to be selected within certain limits, and gave no right to the grantees to

change the location after having once made the selection and constructed their dam. (*Fitzhugh* v. *Raymond*, 49 Barb., 645; *Bannon* v. *Angier*, 2 Allen, 128; *Jennison* v. *Walker*, 11 Gray, 423; *Jones* v. *Percival*, 5 Pick., 485; 3 Com. Dig., *Chimin* [D., 5]; *Wynkoop* v. *Burger*, 12 J. R., 222.) The attempt of the defendants to erect a dam upon the premises of the plaintiff and upon a site distant from that of the original dam was entirely unauthorized.

I see no reason to doubt that the sale by virtue of the judgment and execution against the hydraulic association gave to the purchasers at such sale all the interest of the association in the dam and the land covered by it. The estate and interest of the association in real property, whether a mere easement or a right of possession or title in fee, was the subject of a sale as property distinguished from the incorporeal franchise of the company under the act of incorporation. (*Griffin* v. *Spencer*, 6 Hill, 525; *Goodrich* v. *Burbank*, 12 Allen, 459; Angell on Water-courses, § 143.) The purchaser could devote the property to any uses to which it might be appropriated under the grant. The case does not show that the individual defendants, Jacob and Franklin Getz, have succeeded to the rights of the purchasers at the sheriff's sale, and as the hydraulic association have been divested of all their property in the dam and land upon which it. was located, it follows upon the case made that there was no right established in the defendants to maintain the dam upon the original site.

The judgment must be affirmed.

All concur.

Judgment affirmed.