MARGARET O'BRIEN & others *vs.* GEORGE D. GOODRICH.

Berkshire.    September 11, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Easement — Deed — Equity.*

The common owner of two lots of land subsequently owned by A. and B. respectively, conveyed the latter's land, "reserving the privilege of entering the premises and using the well thereon for procuring water for myself, my heirs and assigns." He had dug the well five years before the deed was given, and for fifty years the access to the well from A.'s house had been by a well defined pathway visible and in use at the time of an obstruction by B., and there had never been any material change in the location of the path. There was an opening in the fence between the two lots, with a post on each side of the opening, before the date of the deed. For many years B.'s land also was supplied from the well. *Held,* that A. could maintain a bill in equity to restrain B. from interfering with the way to the well.

A., who was entitled by deed to "a convenient, open, and unobstructed way" over B.'s land, maintained a gate at the westerly end. At the easterly end the way came upon a railroad, and B. erected a gate there. There had been a previous gate at or near the same place maintained without objection. *Held,* upon a bill in equity by A. to restrain the maintenance of the gate so erected by B., that he did not make out a case for equitable interference.

BILL IN EQUITY, filed September 25, 1899, in the Superior Court, to restrain interference with an alleged right of way to a well on the defendant's land in Great Barrington, and also the maintenance of a gate on another part of his land over which the plaintiffs have a right of way. Hearing before *Hopkins, J.,* who reported the case for the determination of this court. The facts appear in the opinion.

*A. C. Collins,* for the plaintiffs.

*H. C. Joyner,* (*Harriet L. Kilbourne* with him,) for the defendant.

HOLMES, C. J. This is a bill to restrain the defendant from interfering with an alleged right of way to a well upon his land, and also from maintaining a gate over a strip of the defendant's land across which it is admitted that the plaintiffs have a right of way.

The main question concerns the way to the well. The defendant has erected buildings which interfere with the way for-

merly used by the plaintiffs, but offers other access, and denies that the plaintiffs have a right to a specific path. The common owner of the plaintiffs' and the defendant's land conveyed the latter in 1853, " reserving the privilege of entering the premises and using the well thereon for procuring water for myself, my heirs and assigns." He had dug the well in 1848, and, as we understand the master's report, from that time to the date of the bill the access to the well from the house now belonging to the plaintiffs has been by a well defined pathway, visible and in use at the time of the acts complained of. There was an opening in the fence between the two lots, with a post on each side of the opening, before the date of the deed. We see no warrant for the argument that the line was changing or unsettled. The master reports that there never has been any material change in the location of the path.

Upon these facts we are of opinion that, if the deed is not to be read as referring to the already existing path, the continuous use ever since must be taken as an establishment of the way by mutual consent or adverse use. *Bannon* v. *Angier*, 2 Allen, 128. *Gerrish* v. *Shattuck*, 128 Mass. 571. *Decatur* v. *Walker*, 137 Mass. 141. *Garraty* v. *Duffy*, 7 R. I. 476. *Wynkoop* v. *Burger*, 12 Johns. 222. The deed entitled the owners of the plaintiffs' land to a way. The owners of the defendant's land were chargeable with notice that the plaintiffs or their predecessors used the well, and the mode in which they used it left its marks on the surface of the ground. For many years the defendant's land also was supplied from the well, so that in every probability the owners of it actually knew what was done. The opening in the wall and the posts on its sides gave further notice. But if the defendant and his predecessors did not know, still the plaintiffs and their predecessors have used the path continuously and openly for more than twenty years, and it may be presumed that they did it under a claim of right. A claim is no less adverse because it is founded upon a deed, although it will be construed in doubtful cases with reference to the deed. *Atkins* v. *Bordman*, 20 Pick. 291; *S. C.* 2 Met. 457, 465. The deed could not be satisfied except by a definite way, and the plaintiffs and their predecessors have made the way definite.

The plaintiffs' bill was brought seasonably, and the defendant

went on with his construction at his peril. He seems to have acted without excuse or palliation in a wilful attempt to have his own way. Under such circumstances he cannot compel the plaintiffs to sell at a price fixed by a master or the court. The plaintiffs are entitled to their specific property. *Tucker* v. *Howard*, 128 Mass. 361, 363. *Lynch* v. *Union Institution for Savings*, 158 Mass. 394, 395; *S. C.* 159 Mass. 306, 308. We have not been asked to consider in detail what changes would be sufficient to satisfy their rights. They cannot complain of their way being brought under cover, but they are entitled to have it unobstructed at all times.

The other right of way is undisputed, as it arises under a reservation of "a convenient, open, and unobstructed way." The plaintiffs maintain a gate at the westerly end. At the easterly end the way comes upon a railroad, and the defendant's gate is there. There had been a previous gate at or near the same place, maintained, so far as appears, without objection, and this gate was erected before the bill was brought. It seems to have been mentioned rather as a makeweight, and we do not think that the plaintiffs make out a case for equitable interference.

*Decree for the plaintiffs.*