[Sac. No. 1238.   Department One.—February 17, 1906.]

ADDIE WINSLOW, Respondent, v. CITY OF VALLEJO,
Appellant.

EASEMENTS—GRANT OF GENERAL RIGHT—LIMITATION BY EXERCISE AND
ACQUIESCENCE.—The rule is well settled, that where a grant of an
easement is general as to the extent of the burden to be imposed
on the servient tenement an exercise of the right, with the acquies-
cence and consent of both parties in a particular course or manner,
fixes and limits it to the particular course or manner in which it has
been enjoyed; and when the easement is so fixed and limited it
cannot be changed at the pleasure of the grantee of the easement.

ID.—GENERAL GRANT OF EASEMENT TO CITY—RIGHT TO LAY WATER
PIPES—ELECTION—SINGLE PIPE—MEASURE OF EASEMENT.—Under
a general grant to a city of a right of way over the lands of the
grantor for any water pipes or mains which may be laid by the
city, to be covered by not more than one and one-half feet of
ground, the city is bound by its election to lay a single ten-inch
pipe; and where the laying and long continuance thereof is acqui-
esced in by both parties such pipe measures and limits the location
and the extent of the easement, and it cannot be changed without
the consent of both parties.

ID.—ATTEMPT TO LAY ADDITIONAL PIPE—INJUNCTION.—Where the city,
without the consent of the grantor of the easement, is undertaking
to lay an additional fourteen-inch pipe, for the increase of its water
supply, injunction is the proper remedy to prevent it, irrespective of
any other damage than that it obstructs the plaintiff in the free use
and enjoyment of his land, and that, if continued, the wrongful
action will ripen into an easement.

APPEAL from a judgment of the Superior Court of
Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

George A. Lamont, and James S. Lamont, for Appellant.

H. D. Gill, for Respondent.

SLOSS, J.—The defendant, the city of Vallejo, appeals
from a judgment enjoining it from entering upon certain
land belonging to the plaintiff and laying thereon a fourteen-
inch pipe, or from entering for any purpose except that of
inspecting, repairing, or renewing the water-main already
laid across said land.

The findings, which are not attacked, show the following facts: The city of Vallejo has for some years owned and operated a water system for the purpose of supplying the city and its inhabitants with water. The water is impounded in a reservoir situated in Solano County and is thence conveyed through a ten-inch iron main pipe line to the city of Vallejo, a distance of about fourteen miles. The pipe line was laid about nine years before the commencement of this action, and in its course passes through the lands of various property-owners, including the plaintiff. By reason of the growth of the city, the ten-inch main has become inadequate for the needs of the inhabitants, and the city has undertaken to lay an additional pipe, fourteen inches in diameter, which it is about to run across the plaintiff's lands, within three feet of the ten-inch pipe line. While an express finding as to damage is not, in our view, important, it may be proper to say that the trial court finds that the laying of the new main will damage plaintiff's orchard and a crop growing on the land. The ten-inch main was laid under a grant of a right of way, dated June 15, 1893, from the then owners of the land to the defendant, and inasmuch as no compensation for any further or other right was paid by the city, the question is whether the conveyance or grant of 1893, taken in connection with the facts above stated, gave to the defendant the right to run a fourteen-inch main through the lands of the plaintiff, over a route outside of and in addition to that occupied by the ten-inch line. The instrument in question, after reciting a consideration of one dollar and the furnishing of water by the city to the owners of the land, to the extent of not more than one thousand gallons per month, grants and conveys to the city a right of way over the land described as follows: "Being the right of way on, in, through and over the land of the parties of the first part hereinafter described for any water-pipes or mains which may be laid by the city of Vallejo, the party of the second part, and the right to maintain such water-pipes and mains, provided that all water-pipes and mains shall be laid so that not less than one and one half feet of ground shall cover such water-pipes and mains, and that in no case shall the said water-pipes or mains interfere with the proper cultivation of the lands of the parties of the first part, and

also the use of so much land as is necessary in the laying down and maintaining of said water-pipes and mains, and also the right to enter into and upon said lands for the purpose of laying down and maintaining said water-pipes or mains, and also at all times in the future for the purpose of repairing and inspecting and maintaining said water-pipes or mains, and causing no more damage in such entry or entries than cannot be avoided. Should said party of the second part cause any damage by such entry or entries it is hereby agreed that reasonable compensation shall be paid by said city of Vallejo to the parties of the first part. Said water-pipes and mains to be laid and maintained on present surveyed line as near as may be.''

Section 806 of the Civil Code provides that ''the extent of a servitude is determined by the terms of the grant or the nature of the enjoyment by which it was acquired.'' In the present case the easement or servitude was acquired by grant, and we must therefore determine its extent by looking to the terms of the grant. But the conveyance is general in its terms and affords no basis for determining the number of pipes, their size, or their exact location. What is granted is the right of way for ''any water-pipes or mains which may be laid by the city,'' such pipes to be covered by not less than one and one half feet of ground, and to be ''laid and maintained on present surveyed line as near as may be.'' The rule is well settled that where a grant of an easement is general as to the extent of the burden to be imposed on the servient tenement, an exercise of the right, with the acquiescence and consent of both parties, in a particular course or manner, fixes the right and limits it to the particular course or manner in which it has been enjoyed. In *Onthank* v. *Lake Shore etc. R. R. Co.*, 71 N. Y. 194, [27 Am. Rep. 35], the plaintiff, in 1863, had granted to the predecessor of the defendant the right to enter upon his lands ''for the purpose of laying down and keeping in repair an iron pipe'' to carry water from a certain reservoir across said lands. The grantee laid a two-inch pipe across plaintiff's land. In 1871, the defendant enlarged its reservoir and put down a four-inch in place of the two-inch pipe. It was held that the easement of the defendant became fixed as to extent and location by the laying of the original pipe, with

the consent of both parties, and that it could not thereafter be exercised in any other place, nor could the size of the pipe be increased. The court said, per Earl, J.: "After the grantee had once laid its pipe and thus selected the place where it would exercise its easement thus granted in general terms, what was before indefinite and general became fixed and certain, and the easement could not be exercised in any other place. . . . But why is not the right also fixed for the same reasons as to the size of the pipe and the quantity of water to be diverted? I can perceive no reason for confining the operation of this rule to the mere place where the right is to be exercised. There is the same reason for applying it to the entire right granted." In *Jennison* v. *Walker,* 11 Gray (Mass.) 423, the court said: "Where an easement in land is granted in general terms, without giving definite location and description to it, so that the part of the land over which the right is to be exercised cannot be definitely ascertained, the grantee does not thereby acquire a right to use the servient estate without limitation as to the place or mode in which the easement is to be enjoyed. When the right granted has been once exercised in a fixed and defined course, with the full acquiescence and consent of both parties, it cannot be changed at the pleasure of the grantee." This case involved the location and course of an aqueduct. The same principle has been applied to the construction of a dam (*Orphan Home* v. *Buffalo Hydraulic Association,* 64 N. Y. 561); and to the location of a right of way. (*Wynkoop* v. *Burger,* 12 Johns. 222; *Bannon* v. *Angier,* 2 Allen (Mass.) 128; *O'Brien* v. *Goodrich,* 177 Mass. 32, [58 N. E. 151]; *Garraty* v. *Duffy,* 7 R. I. 476.)

It is of course true that for the purpose of ascertaining the extent and limits of the right granted the entire instrument is to be considered, in view of the circumstances surrounding its execution and the situation of the parties. (*Herman* v. *Roberts,* 119 N. Y. 37, [23 N. E. 442, 16 Am. St. Rep. 800].) And if the language of the grant in question, viewed in the light of all the conditions existing when it was executed, clearly gave to the defendant a right in excess of the one actually used, such right would still exist, notwithstanding the exercise for a time of a lesser privilege. (*Quigley* v. *Baker,* 169 Mass. 303, [47 N. E. 1007]. But we see nothing

in the language of this grant, or in the conditions existing when it was executed, to indicate that it was intended to give the defendant the right to increase from time to time the number of pipes laid. The appellant's plea for such construction is based largely on the fact that the conveyance throughout uses the words "pipes" and "mains" in the plural number, and that, therefore, the parties could not have intended to limit the city to a single pipe. But, while the city might, at the outset, have laid more than one pipe, the most that can be said regarding this language is that the grant is indefinite as to the number of pipes. The city, having elected to lay one, is bound by this election. It might with equal force be urged that inasmuch as there was no limitation on the size of the pipe to be laid, the defendant might at any time replace the ten-inch pipe with one of twice or three times the diameter. Such view is entirely inadmissible under the authorities cited above. It is true, as urged by appellant, that the parties to the grant knew that the right of way granted was for the purposes of a municipal water supply, and they may have contemplated that with the growth of the city, additional means of conducting water to it might be necessary. It by no means follows, however, that the grantors, in conveying a right of way for water-pipes over their land, intended to burden that land with an easement the extent of which could never be definitely ascertainable, and which might be enlarged again and again, as often as the growth of the city of Vallejo might make it necessary to extend the operations of the water plant.

We think, therefore, that the construction given to the conveyance by the lower court was correct, and that the laying of the ten-inch pipe, with the acquiescence of both parties, measured and limited the location and the extent of the easement. "It is elementary that the location of an easement of this character cannot be changed by either party without the other's consent, after it has once been finally established, whether by the express terms of a grant, or by acts of the parties tantamount in their effect." (*Vestal* v. *Young,* 147 Cal. 715, [82 Pac. 381]; *Allen* v. *San Jose L. and W. Co.,* 92 Cal. 138, [28 Pac. 215].) If the defendant had no right to lay the new pipe, injunction was the proper remedy. "It is the settled law of this state that, irrespective of other dam-

age, an injunction will be granted to prohibit the continuance of action that obstructs one in the free use and enjoyment of his land, where such action, if continued, will ripen into an easement.'' (*Vestal* v. *Young,* 147 Cal. 715, [82 Pac. 381], and cases cited.)

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.