[Sac. No. 2453.    Department Two.—December 31, 1917.]

## C. F. LOTT LAND COMPANY, Respondent, v. ELIZA HEGAN, as Administratrix, etc., Appellant.

Water and Water Rights—Easement Under Grant—Right of Way for Ditch—Extent of Servitude.—Where the owner of land described as lot No. 1, which was riparian to a creek, acquired lot No. 5, which lay south of intervening lots No. 2, 3, and 4, and, with the grant of lot No. 5, obtained a grant of a perpetual right of way to carry the waters of the creek across the intervening lots 2, 3, and 4, the easement conferred on lot 5 and the servitude imposed on lots 2, 3, and 4 was for a ditch of capacity sufficient for the purposes of lot 5, and imposed no servitude on lots 2 and 3 for the benefit of lot No. 4, which was afterward purchased by the owner of the easement.

Id.—Selection of Right of Way—Right Thereafter to Increase Capacity of Ditch.—While the grantee of an easement for a right of way for a ditch, having selected a right of way and constructed and maintained a ditch, would not be allowed to change its course, yet it would be quite within the purview of the grant that if the quantity of water needed for the use of the dominant land should, by the development of the land, be increased, the capacity of the ditch over the lands subject to the servitude should be correspondingly increased.

Id.—Findings.—A finding by the trial court on conflicting evidence that the use, made by one of the owners of servient land, of ten inches of the water flowing in a ditch over the servient land to the dominant tenement was permissive merely and not in the exercise of a right, will not be disturbed.

Id.—Decree Granting a Permissive Right—Appellant not Aggrieved. Where the trial court in its decree found and adjudged against the appellant's right to the use of water from a ditch over appellant's land, the appellant is not aggrieved by a decree granting him a permissive right to the use of a certain quantity on payment of a fixed charge, since there is no obligation upon him or his successors to take any of the water.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

L. G. Faulkner, for Appellant.

W. H. Carlin, for Respondent.

HENSHAW, J.—Plaintiff claimed a right of way for a ditch across the land of defendant, and the additional right to carry therein two thousand five hundred inches of water, measured under a four-inch pressure, for use upon its lands. Defendant denied that her intestate's lands were under the burden of the servitude for such a ditch, denied the capacity of the ditch to carry two thousand five hundred inches of water under four-inch pressure, and asserted that its maximum capacity was five hundred inches. Affirmatively, defendant asserted that the ditch was jointly constructed and was jointly owned by the predecessors in interest of plaintiff and of defendant, and the defendant's intestate's right is to all the water flowing in the ditch which may be needed or desired in connection with his land, for the purpose of irrigation, for watering stock, and for domestic use. The court found the ownership of the ditch in plaintiff and the ownership and right to carry therein for use upon its lands two thousand five hundred inches of water. It found further that the right of way for this ditch was approximately thirty feet in width, and as a part of this right of way was the right to enter upon all the lands traversed by the ditch for the purpose of repairing and operating it. It found that plaintiff's predecessor in interest had alone constructed the ditch, and as to defendant's intestate held that he had no right to the use of any of the waters; but with the knowledge of and without objection upon the part of plaintiff and its predecessor in interest there had been taken from the ditch by defendant's intestate ten inches of water for irrigation, and, excepting for this permissive use, defendant's intestate had no right to any of the waters. It further found that the reasonable value of this ten inches of water was one dollar per acre for the twenty acres upon which it was utilized, or two dollars per miner's inch for the ten inches so taken.

The judgment followed these findings. Upon appeal the principal contention is that the findings are not supported.

To these facts it is necessary for an understanding of the controversy to add that the lands now owned by plaintiff were formerly the lands of C. F. Lott, who appeared as plaintiff's principal witness upon the trial. Big Butte Creek, from which these waters are taken, flows southwesterly. All of the lands affected by this litigation were originally held in single ownership. They were divided for the most part into lots and may be numbered for convenience in designation. To the north lay lot 1, riparian to Big Butte Creek, purchased and owned by C. F. Lott. To the southward lay lots 2, 3, and 4, and below that an unnumbered tract which for convenience we may call lot 5. This was nonriparian to the stream and was also purchased by Mr. Lott. With that purchase ran the grant of a perpetual right of way for a water ditch to carry Big Butte Creek water across the intervening lots 2, 3, and 4. Subsequently C. F. Lott purchased lot 4, thus leaving between his holdings of lot 1 to the north and lot 4 to the south, lots 2 and 3 traversed by the water ditch. The ditch as originally constructed took the water from Butte Creek at the northerly end of lot 1, carried it southwesterly roughly paralleling the line of the creek across lots 1, 2, 3, and 4 on to the unnumbered lot which we have called 5. Unquestionably the easement conferred on lot 5 by this grant and the servitude placed upon lots 2, 3, and 4 were for the construction of a ditch and the carriage of water therein sufficient for the purposes of unnumbered lot 5. This ditch was also used to supply water to the northern lot 1, and of this, of course, defendant cannot, and does not, complain. But Mr. Lott was not given a right of way over lots 2 and 3 to convey water by this ditch to lot 4 which he acquired after his grant with the easement of a right of way for unnumbered lot 5. The defendant's intestate owned 118 acres of land in lot 2 or 3. It is conceded that this land was traversed by the ditch. In substance the testimony of Mr. Lott is that he exclusively and for his own private use constructed this ditch, aided in the work by certain tenants of his lands, and perhaps—though of this he did not know—by other land owners who were volunteers, but that he always had asserted and maintained his rights as sole private owner. When the ditch carried water, as it frequently did, beyond

the needs of his land, he made no objection to his neighbors using this excess water on their own lands, but they never had used such water of right, and he always stopped any undue interference with his exclusive proprietary rights. He estimated that he used and needed for the irrigation of his lands two thousand five hundred miner's inches of water, and in fact had enlarged the old ditch so as to carry that amount. Appellant contends that the ditch as originally built and as it crossed her land, and as it continued to exist until at or shortly prior to the commencement of this action, was a small ditch incapable of carrying two thousand five hundred inches of water, and in support of this points out the evidence that before the water in this ditch could reach the Hegan lands it had to pass through an iron pipe laid under a public highway, and that the maximum capacity of this pipe was only five hundred miner's inches. Still further, that the servitude imposed upon defendant's lands was for the carrying of water only for unnumbered lot 5 and not at all for lot 4, which, it will be remembered, was acquired by Mr. Lott after the date of the grant to him of the right of way for a water ditch for the use of unnumbered lot 5. Consequently, as there is no evidence to show that unnumbered lot 5 ever has needed or used two thousand five hundred inches of water, it is the imposition of an unjust and unwarranted servitude upon the Hegan lands to decree a right of way for a ditch of that capacity with right of free access and entry upon a strip of appellant's land thirty feet in width. No answer to this is attempted by respondent, other than what is contained in the general statement that plaintiff's evidence was as to the use and need of two thousand five hundred inches of water. It does appear that in 1911, about the time this action was brought, the ditch crossing the Hegan land was enlarged to a capacity of two thousand five hundred inches, but it is not shown that the ditch ever carried that amount of water, and it is affirmatively shown that the pipe above referred to, whose carrying capacity was only five hundred inches of water, remained unchanged. Appellant's position in this respect is well founded in the present state of the record. The extent of the servitude imposed upon the Hegan lands is measured by the terms of the grant. (Civ. Code, sec. 806.) Under the conditions shown to exist, since respondent's claim of title rests upon grant, and as that grant

went only to the use of water and a right of way therefor upon unnumbered lot 5 (not herein including the subsequently acquired lot 4), before the court could justly find and decree a ditch right to two thousand five hundred inches of water, evidence must be given to show the need of this amount for the purposes of unnumbered lot 5.

Appellant relies upon *Winslow* v. *City of Vallejo*, 148 Cal. 723, [113 Am. St. Rep. 349, 7 Ann. Cas. 851, 5 L. R. A. (N. S.) 851, 84 Pac. 191], to support the contention that plaintiff's predecessor having selected a right of way and constructed and maintained a ditch of a given size, the servitude upon the Hegan land has thus been defined, without right of respondent to increase the servitude by changing the conditions. But having regard to the nature of the grant, while it may well be that the course of the ditch having been once fixed by its construction, respondent would not be allowed to change its route, yet the grant contemplates the right to transport over the lands such water as may be necessary for the use of unnumbered lot 5, and if the quantity needed by the development of the land should be increased it would be quite within the purview of the grant that the capacity of the ditch should be correspondingly increased.

In the complaint the allegation merely is of ownership of the ditch and its water. The court finds in accordance with the allegation. But the evidence was all directed to an ownership under grant. In the present state of the record it cannot be said that respondent relied upon any other title. It is true that it appears that plaintiff and its predecessor after the acquisition of lot 4 used the water carried by the ditch upon lot 4. But as it appears that at this time the ditch had a carrying capacity of five hundred inches, and that the construction and maintenance of this ditch had been acquiesced in by the owners of the land on lots 2 and 3 traversed by it, it became a matter of indifference to them what was done with the water after it passed their lands. A different question is presented when a decree is sought for a ditch with the carrying capacity of two thousand five hundred inches with a right of way thirty feet in width therefor.

Complaint is made of the finding of the court to the effect that appellant had no right to the use of any of the water carried by the ditch for the purposes of the Hegan land, and

to the finding that the use which had actually been made of ten inches of water was permissive merely. But upon this it need only be said that there is a sharp conflict of evidence, the testimony on behalf of plaintiff being that such use was permissively allowed as a neighborly act and that it was not in the exercise of an asserted right. Complaint also is made of the finding of the court decreeing a permissive right to the use of ten inches of water at a fixed charge. But, of course, appellant's grievance lies in the fact that she was not decreed this water as a matter of right. Respondent, rather than appellant, is injured by the decree granting a continuance of the use upon payment of the amount named. Appellant is not injured thereby, since there is no obligation upon her or her successors to take any of the waters.

For the reasons given the judgment appealed from is reversed.

Melvin, J., and Victor E. Shaw, J., *pro tem.*, concurred.