[L. A. No. 21494.   In Bank.   Feb. 19, 1952.]

THE YOUNGSTOWN STEEL PRODUCTS COMPANY, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

Chandler, Wright, Tyler & Ward and Oliver S. Northcote for Appellant.

Ray L. Chesebro, City Attorney, Gilmore Tillman, Chief Assistant City Attorney, and Alfred H. Driscoll, Deputy City Attorney, for Respondents.

O'Melveny & Myers and Louis W. Myers, as Amici Curiae on behalf of Respondents.

GIBSON, C. J.—This action was brought to compel the defendants to raise certain power lines and to obtain a declaration of the rights of the parties under an instrument granting to the city the right to maintain the wires above plaintiff's land. The grant gives the city a right of way across the land "with the right to erect and maintain poles with all necessary wires and fixtures thereon, and to keep same free from foliage . . . [and to] have access to said right of way . . . for purposes of repairs. . . ." The instrument is printed save for the phrase "for aerial only," which appears in handwriting near one margin. The grant does not specify the location of the wires or the height at which they should be carried. The lines were installed at a height of $51\frac{1}{2}$ feet above the ground and were supported by poles erected on adjoining property. From the time the easement was granted until the present dispute arose, a period of 17 years, the transmission lines were maintained at that level without objection.

Plaintiff's property has been used at all times here involved as a storage yard for pipe, and cranes were employed to move the pipe about the premises and to load and unload trucks and cars. In 1946, in order to store pipe at a greater elevation than before, plaintiff acquired a new type of crane which could reach to a height of 61 feet above the ground. While being used on parts of the land below the power lines, the crane came into contact with the wires, and an electrical current was discharged into it. This action was filed on June 10, 1947, following a refusal by the city to raise its lines unless plaintiff would pay the cost.

After the action was filed and prior to the trial, the crane struck the wires a second time, and the parties then agreed that defendants should immediately raise the power lines and that the allocation of costs incurred in moving them should be made by the court. Pursuant to the agreement the city raised the power lines to an altitude sufficient to obviate any interference with plaintiff's operations.

The trial court found and concluded that the exercise by defendants of their rights under the grant for a period of 17 years, with the acquiescence of the servient owners, gave defendants a fixed and definite right to maintain wires at a height of $51\frac{1}{2}$ feet. The court also concluded that defendants acquired a prescriptive right to keep the lines at that level.

Defendants were awarded the sum of $988.78, the amount expended by them in raising the wires. The judgment de-

clares that defendants are entitled to install wires ''and other appurtenances'' for the transmission of electrical energy supported by poles on each side of the property but they may not install underground conduits or poles or other fixtures on the surface of plaintiff's land; that defendants are entitled to maintain the wires at the level at which they now exist, which is a height in excess of 61 feet above the ground at their lowest point; that plaintiff is not entitled to require a change in the present location or height of the wires without defendants' consent; and that defendants are entitled to have access to the property for the purpose of clearing away foliage and making repairs.

It is clear that the court erred in concluding that the city had acquired a prescriptive right to maintain its wires at a height of 51½ feet. The wires were installed under the grant, and there is no evidence of an actionable interference with plaintiff's use of the underlying property or of any conduct openly hostile to its title prior to the time the dispute arose in 1946. The city did not, therefore, obtain a right to maintain its lines at that level by prescription. (See *Pabst* v. *Finmand*, 190 Cal. 124, 128 [211 P. 11]; *Wheatley* v. *San Pedro, etc. R. R. Co.*, 169 Cal. 505, 515 [147 P. 135]; *Faulkner* v. *Rondoni*, 104 Cal. 140, 146 [37 P. 883].) We are of the view, however, that the court properly required plaintiff to reimburse defendants for the amount expended by them in raising the wires, and, except as hereinafter noted, correctly declared the rights of the parties.

It is well settled that if the location of a right of way is not defined by the grant, a reasonably convenient and suitable way is presumed to be intended, and the right cannot be exercised over the whole of the land. (See 3 Tiffany, Real Property (1939) p. 328; *Winslow* v. *City of Vallejo*, 148 Cal. 723, 726 [84 P. 191, 113 Am.St.Rep. 349, 7 Ann.Cas. 851, 5 L.R.A.N.S. 851].) Where the right of way has been used at a particular location with the acquiescence of the servient owner, the parties have, in effect, placed their own practical construction upon the grant, and the easement will be regarded as fixed at that place. (See *Winslow* v. *City of Vallejo, supra*, 148 Cal. 723, 726-727; *Vestal* v. *Young*, 147 Cal. 715, 717 [82 P. 381]; *Hannah* v. *Pogue*, 23 Cal.2d 849, 854 [147 P.2d 572]; 3 Tiffany, Real Property (1939) pp. 321, 330-331; 2 Thompson on Real Property [Perm. ed.] pp. 162-163, 164-167.) Once the location of an easement has

been finally established, whether by express terms of the grant or by use and acquiescence, it cannot be substantially changed without the consent of both parties. (*Winslow* v. *City of Vallejo, supra,* 148 Cal. 723, 726-727; see *Hannah* v. *Pogue,* 23 Cal.2d 849, 854 [147 P.2d 572]; cf. *Ward* v. *City of Monrovia,* 16 Cal.2d 815, 821 [108 P.2d 425].) ■ And the grantor has no right either to hinder the grantee in his use of the way or to compel him to accept another location, even though a new location may be just as convenient. (See 17 Am.Jur. p. 989; *Allen* v. *San Jose Land & W. Co.,* 92 Cal. 138, 140-141 [28 P. 215, 15 L.R.A. 93]; cf. *Hannah* v. *Pogue,* 23 Cal.2d 849, 855 [147 P.2d 572].)

■ Plaintiff argues that the phrase ''for aerial only'' restricts the grant in such a manner that the foregoing rules should not be applied in the present case. It contends that by use of the phrase the parties showed an intention to create a right of way which could not become fixed by use but could be changed at any time to accommodate the reasonable requirements of the owner of the underlying land. The parties, of course, could have made such an agreement, but it is clear that they did not do so here. We agree with the trial court that the words ''for aerial only'' do not have the effect claimed by plaintiff, but mean instead that defendants shall have no right to install underground conduits or to erect poles or other fixtures on plaintiff's land. ■ The general rules relating to fixing the location of easements are applicable, and the city acquired a right to maintain its power lines at a height of 51½ feet by reason of the grant and the acquiescence in the exercise of the right of way at that level for 17 years. Accordingly, plaintiff must bear the expense of raising the wires.

■ The portion of the judgment which declares that the defendants have a right to maintain the power lines at their present level, a height in excess of 61 feet, is entirely proper, since the parties have relocated the right of way at the new level by agreement. Nothing in the agreement changed any of the terms of the grant, and the rights of the dominant owner are the same as they were at the old location. (See *Wallace Ranch W. Co.* v. *Foothill D. Co.,* 5 Cal.2d 103, 116 [53 P.2d 929]; *Vargas* v. *Maderos,* 191 Cal. 1, 3 [214 P. 849].)

■ By the terms of the grant the city was expressly given a right of access to make repairs and to clear away foliage, and this right is not, as contended by plaintiff, in any way in-

412

consistent with the grant of an aerial right of way. █ The judgment, however, did not follow the language of the grant in declaring that defendants are entitled to install and maintain wires and ''other appurtenances'' for the transmission of electrical energy above plaintiff's land. The grant makes no reference to ''other appurtenances,'' and there is nothing in the record to indicate what devices or fixtures are intended to be covered by these words. There does not appear to be any dispute between the parties with respect to the nature of the wires or lines which may be suspended over plaintiff's property and in the absence of any evidence on this matter, the quoted words should not have been used in declaring the rights of the parties. Paragraph 3 of the judgment is therefore modified by striking the words ''and other appurtenances'' wherever they appear therein.

As thus modified, the judgment is affirmed. Each party shall bear its own costs on appeal.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.