[Civ. No. 23977. Second Dist., Div. Three. Apr. 26, 1960.]

ASHIA TARR, Appellant, v. JAMES E. WATKINS et al., Defendants; STANFORD C. BIDEN et al., Respondents.

Nolan H. Tepper for Appellant.

Hastings, Blanchard & Hastings and James H. Hastings for Respondents.

FORD, J.—This is an appeal from a judgment entered after the general demurrer of respondents, which was directed to each count of the appellant's amended complaint, was sustained without leave to amend.

The amended complaint consists of two counts. In the first count it is alleged in substance as follows: 1. The plaintiff has been the owner of Lot 16 since April 27, 1948. 2. On September 8, 1950, the plaintiff executed an instrument subjecting her property to a permanent nonexclusive easement consisting of a particularly-described strip of land of the width of 15 feet which was to be used for road purposes

by the owners of the adjacent property known as Lot 17;[1] Lot 17 is owned by the defendants Biden. 3. The grant of the easement was made without the receipt of any consideration by the plaintiff. 4. During the year 1949, the plaintiff spent the sum of $3,000 in excavating and clearing her property and in installing a sprinkler system thereon. 5. Lot 17 has been owned by the defendants Biden since September 8, 1950, is now vacant and unimproved, and has not been used for any purpose by the defendants Biden. 6. The Bidens have not at any time made use of the easement. 7. The plaintiff desires to build a residence on her property but the property is not suitable for building for the reason that the easement runs "right through that portion of plaintiff's property that is suitable for building." 8. The proposed relocation of the easement in relation to the existing easement is shown by a "map of survey" attached as an exhibit to the complaint. 9. The proposed relocation of the easement will permit the plaintiff to build a home on the property and "still provide the same road facilities over and across plaintiff's property to Lot 17 and others." 10. The easement is not binding and is unenforceable for the reason that it deprives plaintiff of the use of her property.

It is clear from the diagram that the existing easement extends in a straight line across Lot 16 and is 15 feet in width whereas the proposed relocation would provide an area of the width of 10 feet, except at the easterly end where it coincides with the present easement, and would contain three angular turns. Except for the portion at each side of Lot 16, the southerly line of the proposed relocation of the easement is north of the northerly line of the existing easement. The distance between such boundaries may be observed by reference to the diagram which is reproduced on the following page.

The fact that the respondents have not made use of the easement does not aid the appellant because an easement created by grant is not lost by mere nonuser. (*Haley* v. *Los Angeles County Flood Control Dist.*, 172 Cal.App.2d

[1] A photostatic copy of the instrument embodying the grant of the easement is attached to the amended complaint and made a part of the first count. Under that instrument, there is granted "[a] permanent non-exclusive easement for road purposes over and across a strip of land 15 feet in width, extending from the west line of lot 15 . . . to the easterly line of lot 16 of said tract [then follows a specific description of the "southerly line of said strip"]. Reserving unto the grantors herein the right to use said easement for road purposes in common with others."

285, 290 [342 P.2d 476].) The problem presented is whether, on the facts alleged, the appellant would be entitled to a judgment that the course of the easement be changed. The governing principle of law with respect thereto is stated in *Youngstown Steel Products Co.* v. *City of Los Angeles,* 38 Cal.2d 407, at pages 410-411 [240 P.2d 977]: "Once the location of an easement has been finally established, whether by express terms of the grant or by use and acquiescence, it cannot be substantially changed without the consent of both parties. (*Winslow* v. *City of Vallejo, supra,* 148 Cal. 723, 726-727 [84 P. 191, 113 Am.St.Rep. 349, 7 Ann.Cas. 851, 5 L.R.A.N.S. 851]; see *Hannah* v. *Pogue,* 23 Cal.2d 849, 854 [147 P.2d 572]; cf. *Ward* v. *City of Monrovia,* 16 Cal.2d 815, 821 [108 P.2d 425].) And the grantor has no right either to hinder the grantee in his use of the way or to compel him to accept another location, even though a new location may be just as convenient. (See 17 Am.Jur. p. 989; *Allen* v. *San Jose Land & W. Co.,* 92 Cal. 138, 140-141

[28 P. 215, 15 L.R.A. 93]; *cf. Hannah* v. *Pogue,* 23 Cal.2d 849, 855 [147 P.2d 572].)'' (See also *Stamatis* v. *Johnson,* 71 Ariz. 134 [224 P.2d 201]; 35 Minn. L. Rev. 494; *cf. Millson* v. *Laughlin,* 217 Md. 576 [142 A.2d 810].)

 Where the way over the surface of the ground is one of expressly defined width, it is held that the owner of the easement has the right, free of interference by the owner of the servient estate, to use the land to the limits of the defined width even if the result is to give him a wider way than necessary. (*Ballard* v. *Titus,* 157 Cal. 673, 681 [110 P. 118]; see *Haley* v. *Los Angeles Flood Control Dist., supra,* 172 Cal.App.2d 285, 289.) But aside from the matter of the width of the area embraced within the easement, an examination of the diagram shows that, as a matter of law, the proposed relocation would constitute a substantial change.[2] Therefore, as to the first count, the general demurrer was properly sustained.

We turn now to the second count. The allegations thereof which are pertinent on this appeal are as follows: 1. Since April 27, 1948, the plaintiff has been the owner of Lot 16. 2. The defendants Watkins now own Lot 15 which is adjacent to Lot 16; there is a highway extending over Lot 15 which is used by the defendants Watkins for egress to the public highway. 3. Before the plaintiff and the defendants Watkins acquired their respective titles, Lots 15 and 16 were owned ''by the same grantor.'' 4. At the time the plaintiff purchased her property she had, and still has, no access to a public highway from her property; the only such access would be across Lot 15. 5. The plaintiff intends to build a residence on her property. 6. The plaintiff is entitled to a private way of necessity over Lot 15 to the public highway. 7. The defendants Biden [respondents herein] ''claim some right, title and interest in and to the above described real estate in and by virtue of a certain grant deed dated September 8, 1950.''

 The circumstances under which an easement by necessity may arise are succinctly stated in *Marin County Hospital Dist.* v. *Cicurel,* 154 Cal.App.2d 294, at page 302 [316 P.2d 32]: ''Such an easement arises by operation of law when

---

[2]In appellant's brief, the diagram is interpreted as follows: ''. . . the effect of the proposed change of the easement is to continue the roadway exactly the same for seven feet and then narrow the roadway to ten feet and relocate the balance of the roadway five feet north of the existing roadway. . . .''

a grantor conveys land that is completely shut off from access to any road by land retained by the grantor or by land of the grantor and that of a stranger. (See cases collected 17 Cal.Jur.2d 112, § 16.) A way of necessity exists only in case of strict necessity, that is, when the claimed way constitutes the only access to the claimant's property. If a road bounding the grantee's property gives access to the outside world no easement of necessity can arise. (*Corca* v. *Higuera,* 153 Cal. 451 [95 P. 882, 17 L.R.A.N.S. 1018].) It is immaterial that the claimed way on the grantor's land would give the grantee a more convenient access to his land. (*Orr* v. *Kirk,* 100 Cal.App.2d 678 [224 P.2d 71].)''

 Respondents make some attempt to show that on the face of the pleading the appellant can have no way of necessity because the diagram shows that her lot abuts on a street. The diagram upon which such argument is based was not incorporated in the second cause of action. (See *Lord* v. *Garland,* 27 Cal.2d 840, 850 [168 P.2d 5].) But, in any event, reference to the diagram could, at most, support a special demurrer inasmuch as the nature and extent of ''Tryone Road'' cannot be ascertained therefrom. The respondents are proper parties defendant under the second cause of action inasmuch as it is therein alleged that they ''claim some right, title and interest in and to the above described real estate.''[3] (See *Reed* v. *Hayward,* 23 Cal.2d 336, 342 [144 P.2d 561].) The respondents do not appear otherwise to contest seriously the sufficiency of the second cause of action as to them. They state in their brief: ''Recognizing the reason that Appellant joined Respondents in the Second Cause of Action, it was agreed between counsel for Appellant and counsel for Respondents that this issue would not be raised on appeal if Respondents would answer to the Second Cause of Action and state their interest. This Respondents agreed to do, so that the appeal could determine the only important point at issue between them; that being the right to relocate Respondents' easement on Lot 16. Appellant's attorney admitted that it was the Court's ruling

[3]A copy of the grant deed to the respondents, to which reference is made in the second count, is not attached to the complaint as an exhibit and incorporated therein by reference. The contents thereof are not pleaded in the body of the complaint itself either in haec verba or in substance and according to their legal effect. The nature of the interest asserted by respondents is, therefore, not defined in the second cause of action.

on the First Cause of Action that had to be clarified, and the parties are not in any disagreement regarding the Second Cause of Action and Respondents will file an answer thereto.''

The judgment is affirmed with respect to the first count. With respect to the second count, it is reversed and the superior court is directed to overrule the demurrer to that count. The respondents shall recover from the appellant their costs on appeal.

Shinn, P. J., and Vallée, J., concurred.