Roberta Powell DWYER et al., Appellants,

v.

**HOUSTON PIPE LINE COMPANY,**
Appellee.

No. 14051.

Court of Civil Appeals of Texas.

Houston.

Jan. 10, 1963.

As Corrected on Denial of Rehearing
Jan. 24, 1963.

Second Motion for Rehearing Denied
Feb. 14, 1963.

Joyce Cox, Houston, for appellants Ben Taub et al.

Vinson, Elkins, Weems & Searls, James W. McCartney, Houston, for appellants Roberta Powell Dwyer et al.

Fulbright, Crooker, Freeman, Bates & Jaworski, B. J. Bradshaw, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by Roberta Powell Dwyc et al. against appellee for judgment declaring a pipe line easement across appellants' land to have lapsed and terminated as a result of appellee removing an 18 inch relatively low pressure pipe line and replacing it with a 30 inch high pressure pipe line, and for judgment removing the same as a cloud on appellants' title, and also restraining its further operation, and for rental, and in the alternative for damages. The al-

ternative claim was later withdrawn to permit entry of a final judgment.

Appellee answered contending that under the express terms of the right of way agreement in question, which was executed on March 9, 1926, it was authorized expressly and impliedly to replace the original 18 inch pipe used in the pipe line. It denied that it had voluntarily ceased to use the pipe line for any period of time, and asserted that it had continued to use the easement for the purpose granted and that its rights under the agreement had not terminated. In its alternative cross-bill, it sought to condemn a right of way and easement in the event it should be determined that the right of way easement granted in said agreement had lapsed or terminated or that for any reason appellee does not have a valid subsisting easement for laying, construction, maintenance, inspection, operation, repairing, substitution, replacing and removal of the pipe and pipe line presently on the land for the transportation of gas. Both parties filed motions for summary judgment. The trial court granted appellee's motion and denied appellants' motion.

Appellants do not question appellee's power to condemn an easement across the land, and they seek injunctive relief only in the event appellee fails promptly to pursue condemnation proceedings under its cross-action.

It is appellants' contention that the March 9, 1926 agreement authorized the construction, maintenance, operation and repair of one pipe line only, and did not authorize its replacement and did not authorize its removal except upon termination of the rights and easement granted by said instrument, and that in construing said agreement the trial court should have considered the fact that grantors struck out the words "and remove" from the granting clause thereof and also struck out language which would have given appellee the right to lay additional lines across appellants' property. Appellants further contend that under the particular provisions of the agreement when

appellee constructed its 18 inch pipe line, it thereby limited and defined the extent of the easement right granted so that it was not authorized to increase the size of its pipe line across appellants' lands; and further that upon removal by appellee of its 18 inch line, its rights and easements terminated, but irrespective of such termination appellee had no right or easement to construct, maintain and operate the 30 inch line subsequently laid by appellee across appellants' lands.

On the other hand, it is appellee's contention that the agreement in question does not specifically limit the size or capacity of the line to be constructed, so that the removal of the 18 inch line initially laid and operated pursuant to such instrument for more than 30 years and its replacement by a 30 inch line did not violate the terms of the agreement; and also that the rights granted appellee include the right to replace the original pipe line with different pipe without any restriction as to size, when the condition of the pipe or increased demand for gas make such replacement and enlargement necessary.

There is no substantial dispute as to the issues involved. The determination of the case will depend upon a proper construction of the right of way instrument and the use made of the easement. The printed form of the conveyance of the easement shows that there was struck therefrom the words "and remove" following the word "repair," thus conveying to the grantee only the right to lay, construct, maintain, operate, and repair a pipe line for the transportation of gas over appellants' land. The paragraph in the habendum clause giving the right to construct additional pipe lines over said lands was also deleted. Appellee asserts that the deletion of the words "and remove" was intended merely to prevent appellee from removing its pipe line from the location where originally constructed to another location on appellants' land; whereas appellants contend that it was the intention of the parties in striking out the words "and remove" to

prevent appellee from removing the pipe line as originally established, and that in removing the 18 inch pipe line and replacing it with a 30 inch pipe line appellee became a trespasser upon the lands in question and should be enjoined from operating the 30 inch pipe line, since the agreement gives appellee no such right.

The evidence shows that the pipe line laid in 1926 was continuously in operation, serving the area of east Harris County until the latter part of 1959, when the old 18 inch pipe was removed and the 30 inch pipe line was laid in its place. The transportation of gas ceased for only a few weeks while the substitution was being made. The evidence further shows that the original 18 inch line had a maximum working pressure of 225 pounds per square inch and under optimum operating conditions it could transport approximately 150 million cubic feet of gas per day; whereas the larger 30 inch pipe line which was installed substantially along the same course from which appellee had removed the 18 inch pipe line, had been tested at pressures in excess of 875 pounds per square inch and had an optimum operating delivery capacity of approximately 650 million cubic feet a day and is the largest size pipe line appellee now has in operation anywhere in its entire system.

■ The agreement in question does not provide that any increase in the size or capacity of the line may be made, nor does it grant any right to make improvements or additions to the line. The grantors at the time of executing the lease struck out the authorization for the construction of additional pipe lines, thus eliminating the possibility of their lands being subsequently burdened with additional lines in the absence of further negotiations and payment. They also, as stated, struck out the words "and remove" from the granting clause, thus giving the grantee only the right of removal upon termination of the easement as provided in the habendum clause. It is axiomatic that the pipe line could not be replaced without first being removed. The basic question is whether the instrument as changed by deletions can be construed to give the appellee the right to remove the 18 inch line initially constructed and to increase the burden on appellants' land by permitting construction of the 30 inch pipe line with vastly increased pressure and delivery capacity. We think the foregoing deletions as part of the surrounding circumstances may be considered by the Court in order to arrive at the true meaning and intention of the parties. Gibson v. Turner, 1956, 156 Tex. 289, 294 S.W.2d 781.

It seems clear that by deleting from the easement agreement the right to lay additional pipe lines and to remove the pipe line except as provided in the habendum clause, appellants were trying to protect themselves against additional burdens that might otherwise be imposed upon their land. They did not definitely prescribe in the agreement the initial size or location of the pipe line, but they sought to prevent any change therein after the pipe line was laid and its location and size were by mutual acquiescence of the parties established and fixed, which would increase the burden upon the servient estate.

It is obvious that the removal of the 18 inch pipe line and its replacement by the 30 inch pipe line did increase the burden upon appellants' land. In order to lay the new pipe line it was necessary to widen and deepen the trench in which the pipe was laid at least as much as one foot, and then to physically occupy that much additional land belonging to appellants. The record does not disclose whether or not there were larger than 18 inch pipe lines in existence in 1926. If there were, appellee might have installed a larger pipe line initially, but it did not do so. It could have provided in the agreement for the right to replace and increase the size of the pipe at any time, provided appellants would have agreed to such stipulation, but it did not. Appellee admits it had no right to lay an additional pipe line. If, however, it had done so by laying another pipe line over or alongside the old 18

inch pipe line by deepening and widening the trench where the 18 inch pipe line was constructed and used, the burden imposed upon appellants' land would not in all probability have been increased any more than it was by removing the 18 inch line and substituting therefor the 30 inch line. Appellee's general superintendent, when asked: "You increased it so as to put more gas through the line on the Dwyer tract?" testified, "Yes, Sir. We thought it was better to do that than to go in with a parallel line."

■ We find no merit in appellee's contention that the construction placed upon the agreement in question by appellants would defeat the main object and purpose of the easement, namely the transportation of gas. The transportation of gas had continued for some 33 years through the 18 inch pipe line and unquestionably it could have continued indefinitely in the future had appellee exercised its right under the agreement to repair the old line. We think its right to repair was broad enough to have permitted it to replace joints of pipe that had developed leaks or to recover or recoat the pipe or sections of it from time to time. Such right, however, did not include the right to remove the entire pipe line and replace it with another of greatly increased size and capacity. 76 C.J.S., Repair p. 1169; White v. Perkins, Tex.Civ.App., 1933, 65 S.W.2d 423, and cases cited.

■ It is appellants' contention that when appellee constructed its 18 inch pipe line it limited and defined the extent of its easement rights under the 1926 agreement. The general rule is expressed in 17–A Amer. Jur., p. 722, Easements, § 114, as follows:

"It is settled that where a grant of an easement is general as to the extent of the burden to be imposed upon the servient tenement, an exercise of the right, with the acquiescence and consent of both parties, in a particular course or manner, fixes the right and limits it to the particular course or manner in which it has been enjoyed."

This rule is restated and·applied in Bland Lake Fishing and Hunting Club v. Fisher, Tex.Civ.App., 1958, 311 S.W.2d 710. In that case the plaintiff had erected a boat house and piers at certain places along the lake. The court restricted plaintiff's right to build to the places on the lake previously used by them. The court referred to the rule as enunciated in 17–A Amer.Jur., pp. 721, 722, and cited 15–B Tex.Jur., 302, and Winslow v. City of Vallejo, 148 Cal. 723, 84 P. 191, 5 L.R.A., N.S., 851.

In Winslow v. City of Vallejo, supra, the City had constructed a 10 inch pipe line under an instrument which granted a right of way and easement "for any water pipes or mains * * * and also the use of so much land as is necessary in the laying down and maintaining of said water pipes and mains, * * *." As a result of the growth of the City the 10 inch line had become inadequate. Suit was brought to enjoin the City from laying a 14 inch line adjacent to its existing 10 inch line. The court stated:

"It might with equal force be urged that inasmuch as there was no limitation on the size of the pipe to be laid, the defendant might at any time replace the 10-inch pipe with one of twice or three times the diameter. * * * It by no means follows, however, that the grantors, in conveying a right of way for water pipes over their land, intended to burden that land with an easement the extent of which could never be definitely ascertainable, and which might be enlarged again and again, as often as the growth of the city of Vallejo might make it necessary to extend the operations of the water plant."

If appellee in the instant case could with impunity replace the old pipe line with a 30 inch pipe line which required the digging of a trench 36 to 40 inches in width and 1½ to 2 feet deeper than the old ditch, it could at any time replace the 30 inch pipe line with a 36 inch pipe line in use elsewhere or a 42 inch pipe line that they are considering "go-

ing to". Thus, the extent of the easement in this case, as in the case of Winslow v. City of Vallejo, supra, recognized as a leading authority on the question under consideration, could never be definitely ascertainable.

Appellants also rely on the case of Onthank v. Lake Shore & M. S. R. Co., 71 N.Y. 194, 27 Am.Rep. 35, which is cited and distinguished by the court in Knox v. Pioneer Natural Gas Company, Tex.Civ.App.,1959, 321 S.W.2d 596, writ ref., n. r. e. We think the Knox case, which is relied upon by appellee, is also distinguishable from the instant case. The distinguishing facts will readily be noted by reference to the court's opinion, a part of which we here quote:

> " * * * the agreement in the case at bar allows the grantee a right of way of *sufficient width* to permit the grantee to lay, maintain, operate and remove a pipe line for the transportation of gas, for the express purpose of 'constructing and placing on, in and under the surface of the ground a pipe line over and through said lands' further granting to the said grantee the right to enter upon said land at all times for the purpose of *making additions to, improvements on,* and *repairs* to said pipe line and to *keep* and *maintain* the same and to *remove* or *replace* the same, and further granting the right of free ingress and egress to the grantee, as by it, he or them shall be *necessary* or *convenient* * * * (Emphasis ours)."

■ While there appears to be no uniformity in the decisions, it is our view that the weight of authority and better reasoning support the rule that where a grant of an easement is general, as to the place of laying a pipe line and its size, it becomes fixed and certain after being laid and used with the acquiescence of both grantor and grantee. Thompson on Real Property, Perm.Ed., § 681, states the rule as follows:

> "A grant in general terms of a right to lay a pipe for the purpose of conducting water across the land of the grantor without specifying the place for laying it or the size of the pipe is defined and made certain by the act of the grantee in laying down the pipe; and after he has once laid the pipe with the acquiescence of the grantor, the grant which was before general and indefinite becomes fixed and certain and the grantee can not change the easement either by relaying the pipe in another place or by increasing its size."

See also Babler v. Shell Pipe Line Corporation (D.C.E.D.) Mo.1940, 34 F.Supp. 10; City of Lynchburg v. Smith, 1936, 166 Va. 364, 186 S.E. 51; Dickson v. Arkansas Louisiana Gas Co., La.Ct.App.1939, 193 So. 246, 249; Texas Power & Light Co. v. Casey, Tex.Civ.App.1940, 138 S.W.2d 594, dism. judgment correct; 28 C.J.S. Easements § 82, p. 761.

The cases relied upon by appellee are in the main part cases in which the grantee did not initially use its easement to the extent of the right granted, or cases in which merely improved implements or devices were used which did not increase the burden of the servient estate, or cases in which the grant provided for improvements, additions, removal or replacements. The instant case does not fall within any of the foregoing categories. See Tong v. Feldman, 152 Md. 398, 136 A. 822, 51 A.L.R. 1291; Williams v. Northern Natural Gas Co., D.C., 136 F. Supp. 514, in which broad rights were granted; Lone Star Gas Co. v. Childress, Tex. Civ.App., 187 S.W.2d 936.

It is our view, therefore, that the judgment of the trial court granting the summary judgment in favor of appellee should be reversed and the cause remanded for new trial not inconsistent with this opinion.

Reversed and remanded.