Robert O. Brink, J.
This is a motion pursuant to rule 106 of the Rules of Civil Practice in which the defendants, Frank and Helga Swingle, move to dismiss the complaint of the plaintiff, New York State Electric & Gas Corp., for failure to state a cause of action.
The complaint alleges that the plaintiff acquired a right of way granting it the right to construct, operate and maintain an electrical transmission and distribution line over certain lands; that the instrument was recorded in the Broome County Clerk’s office in 1940, and in the same year a 4,800-volt primary electrical distribution line was constructed over the right of way; that in 1961, the defendants purchased land which was subject to the afore-mentioned right of way of the plaintiff; that, on information and belief, the defendants, their agents, servants or employees, with actual and constructive notice of the existence of the plaintiff’s right of way, and the existence of plaintiff’s electric facilities on such right of way, built and occupied a house beneath plaintiff’s 4,800-volt distribution line, which house encroached upon and obstructed said right of way.
The complaint then alleges in substance as follows: that the construction of the house in such proximity to the electrical line resulted in the plaintiff’s line being in violation of standards (8 feet) set by the National Electrical Safety Code; constituted a danger to the continuance of safe and adequate service to the area served by the line required of the plaintiff under section 66 of the Public Service Law of New York; prevented the plaintiff from properly operating, inspecting and maintaining the line; created a very hazardous condition to the plaintiff, the defend *92 ants, and the public; concerning which hazard the defendants were notified by the plaintiff as soon as plaintiff was aware of the encroachment; and as a result of the obstruction and encroachment the plaintiff of necessity had to relocate its lines at a cost of $374.10, which sum, although duly demanded, the defendants have refused to pay, to the plaintiff’s damage.
For the purpose of deciding this motion, the truth of the allegations in the complaint must be assumed. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451 [1951].)
It is the opinion of this court, that the complaint states a good cause of action for damages (Missouri Power & Light Co. v. Barnett, 354 S. W. 2d 873 [Mo., 1962]; Carolina Power & Light Co. v. Bowman, 229 N. C. 682 [1949]; Collins v. Alabama Power Co., 214 Ala. 643 [1926]; Pacific Gas & Elec. Co. v. Minnette, 252 P. 2d 642 [Cal., 1953]; Youngstown Steel Prods. Co. v. City of Los Angeles, 38 Cal. 2d 407 [1952]).
The motion is, accordingly, denied.